JAMES H. PORTER *et al.*, executors, plaintiffs in error, *vs.* ELIZA KOLB, guardian, defendant in error.

This Court will only interfere with the verdict of a jury when there is not sufficient evidence under the law to authorize the verdict, assuming everything to be true as proved. (R.)

New trial. Verdict. Before Judge ROBINSON. Morgan Superior Court. March Term, 1872.

For the facts of this case, see the decision.

A. G. & F. C. FOSTER; JOSHUA HILL, for plaintiffs in error.

BILLUPS & BROBSTON, for defendant.

Porter *et al. vs.* Kolb.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants, on an account for services rendered to the defendants' testatrix. On the trial of the case the jury found a verdict for the plaintiff for the sum of $1,000. A motion was made for a new trial, on the grounds that the verdict was contrary to the charge of the Court, without evidence, and strongly and decidedly against the weight of the evidence. The Court overruled the motion and the defendants excepted. The defense set up by the defendants to the plaintiff's action was that their testatrix, through kindness, permitted the plaintiff to remain at her house for her own benefit and comfort, she only agreeing to furnish her with clothing, pocket money, and pay her tuition and doctor's bills, without any intention that the plaintiff should make any charge for her services rendered to the defendants' testatrix. The services rendered by the plaintiff to the testatrix of defendants was clearly proved, by at least two witnesses, (Mrs. Barnett and Camp) from June, 1865, up to June, 1869. Mrs. Barnett states that her services were worth $60,00 per month, and states in detail the services performed. Camp also proves the performance of services by the plaintiff, and that testatrix promised to remunerate her therefor without specifying any definite amount; thinks her services to the testatrix were worth $400 or $500 per annum.

The evidence for the defendants in relation to some of the facts was in conflict with that of the plaintiff. The Court charged the jury, in relation to this point in the case, "that when there is a conflict in the testimony, it is the duty of the jury to reconcile such conflict, if possible, but when it is impossible, that witness who had the best opportunity of knowing, other things being equal, is entitled to most credit." Yet, it is said, because the jury found for the plaintiff, they found contrary to the charge of the Court. The witnesses who had the best opportunity to know the facts, and who were entitled to the most credit, was a question exclusively

Porter *et al. vs.* Kolb.

for the jury to decide, and not the Court, and it does not follow that, because the jury, under the evidence, thought proper to give the most credit to the plaintiff's witnesses, that the verdict is contrary to the charge of the Court, but, on the contrary, is entirely consistent with it. There can be no pretence in this case that there is not sufficient evidence in the record to support the verdict, if the jury believed the plaintiff's witnesses. The question is not whether this Court would have rendered a verdict for the plaintiff, had we been in the jury box, but the question is whether there is sufficient evidence in the record to support the verdict which the jury have found in the exercise of their undoubted jurisdiction and authority under the law? The distinction which will authorize the Courts to interfere with the verdicts of juries, and when not allowed to interfere with them, is this: when there is not sufficient evidence, under the law, to authorize the verdict, assuming everything to be true as proved, then the Courts will interfere and set it aside, or in extraordinary cases, the presiding Judge may exercise a sound discretion and grant a new trial, when the verdict is decidedly and strongly against the weight of the evidence; but when there is sufficient evidence to support the verdict, although that evidence may be conflicting, the Courts have no legal power to interfere with and set aside the verdict, the more especially this Court, which is, alone, a Court for the correction of errors from the Superior and City Courts. This Court is not, and never was intended to be, a tribunal to decide questions of fact, which, under the law, are required to be decided by a jury of the vicinage, and it is quite time that parties and their counsel, in view of the repeated rulings of this Court, should so understand it. According to the rule established by the numerous decisions heretofore made and reported, there was no good legal pretext for bringing this case before this Court on the statement of facts contained in the record, and thus delaying the plaintiff in the collection of her demand, awarded to her by the verdict of the jury, which the Court below refused to set aside. We therefore affirm the judgment of the

Court below, and award ten per cent. damages, as provided by the 4221st section of the Code.

Judgment affirmed.