23691.  HARROD *v.* SUN LIFE ASSURANCE COMPANY OF CANADA.

Decided July 9, 1934.  Rehearing denied September 29, 1934.

*Oliver & Oliver,* for plaintiff.
*H. Wiley Johnson, Julian F. Corish,* for defendant.

Broyles, C. J.  John P. Harrod brought suit against the Sun Life Assurance Company of Canada on an insurance policy, alleging that, as an employee of the Central of Georgia Railway Company, he had group insurance with the Metropolitan Life Insurance Company payable to his wife in the event of his death, and in monthly installments to himself in the event of his total and permanent disability; that "while the insurance of the said Metropolitan Life Insurance Company was in force, your petitioner became ill with tuberculosis of the lungs and ulcers of the stomach, and was, on July 14, 1928, given leave of absence from work for a period of three months because of said illness. Thereafter the leave of absence was renewed from time to time, before expiration, for further periods of three months, until the said leave of absence was revoked on March 31, 1931. The Metropolitan Life Insurance Company canceled its policy of insurance with the Central of Georgia Railway Company on November 1, 1929, and the Sun Life Assurance Company of Canada took over all insurance risks on the lives of the employees of the Central of Georgia Ry. Co." He alleges further that he "is totally and permanently dis-

abled by reason of tuberculosis of the lungs and ulcers of the stomach," and he seeks to recover from the Sun Life Company sixty monthly installments of $54.48 each. The policy of the Sun Life Company is attached to the petition as an exhibit. The court sustained a general demurrer to the petition, and the plaintiff assigns error thereon.

The petition shows on its face that plaintiff's alleged total disability accrued July 14, 1928, more than a year before the Sun Life Company issued its policy on November 1, 1929, and that it accrued while he was insured by the Metropolitan Life Insurance Company. There is nothing in the policy of the Sun Life Company to show that it is retroactive, or that the insurer will pay for a disability which accrued long before the insurance was issued. On the contrary, it provides that payment for disability will be made if the assured employee, "while such assurance on such employee is in full force and effect," shall become wholly and permanently disabled. The Sun Life policy is a complete contract within itself, and is not subject to the provisions or liabilities of the Metropolitan Company's contract. "The contract of insurance should be construed so as to carry out the true intention of the parties." Civil Code (1910), § 2475. The fair and reasonable construction of the policy of the Sun Life Insurance is that it was not the intention of the parties to contract for payment of a loss already accrued before the issuance of the policy. The policy of the Sun Life Company insures only from and after the date of its issue, and "A policy of insurance bearing a given date, and purporting to insure for the future only, can not be made the basis of an action to recover for a loss accruing upon a prior date." *Fowler* v. *Preferred Accident Ins. Co.*, 100 *Ga.* 330 (3) (28 S. E. 398). If the contention of the plaintiff in error were meritorious, the insured, on the day his policy was delivered, could have demanded that the company begin immediately to pay him monthly installments on a disability accrued before the insurance in the Sun Life Company existed. There is no more reason, under the terms of the policy attached to the petition, why the insurer should pay for a disability which had accrued before it issued its policy, than there is that it should pay for a death which occurred before the policy was issued; and, as stated in *Mutual Benefit Life Ins. Co.* v. *Ruse*, 8 *Ga.* 534, 545, "There can be no valid contract for the insurance of the life of a

dead man." The order of the trial judge sustaining the general demurrer to the petition sets out that "plaintiff's counsel stated in open court he did not contend that defendant took over all insurance liabilities which had accrued under the policy of the Metropolitan Life Insurance Company." This statement of plaintiff's counsel is in accord with the view of this court; and the liability under consideration was one not assumed by the defendant company.

The policy sued on provides that "No person except the President, Vice-President, Actuary or Secretary, has power to alter this contract in any way;" and parol evidence to prove a modification of the contract, by some one other than the officers named, so as to make it include a preexisting disability should be rejected by the court. Civil Code (1910), § 4268, par. 1. The petition did not set out a valid cause of action, and the court properly sustained the general demurrer.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*