23987. PAYTON *v.* TURNER.

DECIDED FEBRUARY 7, 1935.

*Stonewall H. Dyer,* for plaintiff in error.
*Hall & Jones,* contra.

JENKINS, P. J. The sole issue in this action on an open account was whether the defendant authorized another as his agent to contract the indebtedness sued for. Under the general grounds of the defendant's motion for new trial, the sole insistence is that,

since six disinterested witnesses and the defendant testified in his favor as against the testimony of the alleged agent and one corroborating witness, the jury should have decided in favor of the defendant, and this court should grant him a new trial, because "he produced at the trial in the court below the preponderance and superior weight of evidence," and "the evidence was overwhelmingly in favor of plaintiff in error." While it was within the province of the trial judge to exercise his discretion as to the granting of a new trial in determining the preponderance and weight of the evidence, and to take into consideration, as the jury also had the right to do, the "number of the witnesses;" yet "the testimony of a single witness [being] generally sufficient to establish a fact" (Civil Code of 1910, § 5742, Code of 1933, § 38-121), and the preponderance of the evidence being "not necessarily with the greater number" (Civil Code, § 5732, Code of 1933, § 38-107), the power and discretion to grant a new trial upon this ground was limited to the trial judge. This court existing only for the correction of errors of law, and having no authority to determine the mere weight of the evidence, and the verdict for the plaintiff being fully authorized by testimony, the trial judge did not err in the exercise of his discretion in refusing a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*