27855. CAUSEY *v.* GULF LIFE INSURANCE CO.

DECIDED MARCH 15, 1940.   REHEARING DENIED MARCH 23, 1940.

*J. A. Watson, T. B. Higdon,* for plaintiff.

*Clint W. Hagar, J. F. Kemp, J. D. Tindall,* for defendant.

GUERRY, J. Exceptions are taken to the sustaining of a motion to strike a petition which alleged that the defendant issued an insurance policy on the life of an insured. The premiums thereon were payable weekly and the receipt therefor was entered on the receipt book belonging to the policy. Premiums were paid thereon up to November 29, 1937, when the agent was taken sick and failed to call for the premiums, although this fact did not relieve the insured from the duty of making payments when due. The policy lapsed at the expiration of the grace period, December 27; 1937. On January 29, 1938, Morris, the defendant's agent, who had been sick, and who was authorized to collect premiums and receipt therefor, came to the insured's home and collected $5.35, representing approximately 12 weekly premiums, which was sufficient to pay up said policy for three weeks in advance of that date. At the same time said agent filled out an application for reinstatement and the insured signed the same. At the time the insured was ill, and the agent filling out the application knew of such fact. On February 7, 1938, another agent of the defendant, one Bolton, came to the insured's home and claimed that the agent, Morris, had turned over to him only $4.35 instead of $5.40, and demanded of the insured $1.05 in addition, which amount was immediately paid. Bolton requested petitioner to deliver to him the policy and receipt book which he did. Bolton turned over this money to the Atlanta office of the defendant, together with the application for reinstatement,

which application was never sent to the defendant's home office in Jacksonville, Florida. On February 9, 1938, the insured died.

The petition alleged that such conduct on the part of the defendant waived the requirements of the policy providing for revival upon evidence of insurability. The policy provided: "Should this policy become void in consequence of nonpayment of premium, it may be revived upon payment of all premiums in arrears and the presentation of evidence of insurability satisfactory to the company." It further provided: "No person except the president, secretary or assistant secretary, has power to modify, or, in the event of lapse, to reinstate this policy or to extend the time of the payment of the premium. No agent has power on behalf of the company to waive any forfeiture." It was further alleged that the company retained the premiums paid until after the death of the insured, when it offered to return the premiums paid to the beneficiary who brings this action. It was alleged that such conduct waived the requirement as to proof of insurability and reinstated the policy.

"In the absence, however, of controlling statutory contract, or charter provision, or by-law, the general rule is that an insurer which receives, accepts, and retains past-due premiums, assessments, or dues, paid subsequent to the due date and the expiration of the days of grace, if any, renews the contract and waives the forfeiture for nonpayment, provided such acceptance is unconditional and the facts are known, since an insurer which accepts past-due premiums or assessments, in violation of its own regulations, can not invoke the same in order to avoid liability." 3 Couch Ins. Law, 2271, § 687. In *Piedmont & Arlington Life Insurance Co.* v. *Lester,* 59 *Ga.* 812 (3) it was stated: "Although a life policy contained a provision that it was to be void on failure of insured to pay interest on premiums at the times when due, and that agents were not authorized 'to make, alter, or discharge contracts, or waive forfeitures,' yet, if after an installment had become due, the agent had notice that insured was sick, and afterwards received the money and transmitted it to the company, which received it, the company thereby waived the forfeiture." *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (3) (30 S. E. 918, 42 L. R. A. 261); *Neal* v. *Gray,* 124 *Ga.* 510 (52 S. E. 622); *Kelley* v. *Carolina Life Insurance Co.,* 48 *Ga. App.* 106 (171 S. E. 847); *Georgia Masonic Mutual Life Insurance Co.* v. *Gibson,* 52 *Ga.* 640 (3);

*Supreme Lodge Knights of Pythias* v. *Few,* 138 *Ga.* 778, 784 (76 S. E. 91) ; 4 Cooley's Briefs on Insurance, 3796. The agent who collected the premiums was authorized under the policy to collect them. The company evidently received them, for it is alleged that it offered to return them after the death of the insured. "The effect of a reinstatement is not, generally, the making of a new contract, but it merely cancels the forfeiture, leaving the original contract in force." 4 Cooley's Briefs on Insurance, 3800. Under the terms of the policy and the allegations of the petition the policy had automatically lapsed because of nonpayment of premiums on December 27. While the agent authorized to collect premiums had no authority to waive such a forfeiture, his acceptance of past-due premiums and collection of premiums which were paid on the policy in advance, and the transmission of this money to the company, may have amounted to a waiver as is alleged in the petition, and as such certainly prevented the petition from being subject to general demurrer. The principles governing this case are well stated in *Kelley* v. *Carolina Life Insurance Co.,* supra. See also *Union Central Life Insurance Co.* v. *Merrell,* 52 *Ga. App.* 831, 834 (184 S. E. 655).

We think the court erred in sustaining the motion to strike.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. The petition showed that the policy of life insurance sued upon lapsed on December 27, 1937, for nonpayment of premiums due; that on January 29, 1938, one Morris, an agent of the defendant, collected from petitioner, the beneficiary named in the policy, the sum of $5.35, which more than paid up the unpaid premiums; that, at the same time, Morris filled out an application for a reinstatement of the policy which was signed by the insured; that the insured was then ill and Morris knew of this fact; that the application for reinstatement was never forwarded to the defendant's home office at Jacksonville, but was retained in its Atlanta office, with the notation thereon, "hold;" that Morris turned over the said sum of $5.35 and the application for reinstatement to one Bolton, another agent of the defendant at its Atlanta office; that because of the above-stated facts, the defendant waived the requirements of the policy providing that before a void policy can be revived evidence of insurability satisfactory to the company must be presented. On an oral motion, the petition was dismissed,

and that judgment was assigned as error. The policy contained the following provision: "If for any reason the agent shall not call for the premiums when due, it shall be the duty of the policyholder to bring or send said premiums to the home office or to the company's authorized agent; and in the event of failure to perform this duty within four weeks from the date upon which said premium was due, this policy shall thereupon become void and all premiums paid hereon shall be forfeited to the company, except as herein provided." The policy contained the further provisions: "4. Revival. Should this policy become void in consequence of nonpayment of premium, it may be revived upon payment of all premiums in arrears *and the presentation of evidence of insurability satisfactory to the company."* (Italics mine.) "5. Alterations of contract. No person except the president, secretary, or assistant secretary has the power to modify, or, in the event of lapse, to reinstate this policy, or to extend the time of payment of a premium. No agent has power on behalf of the company to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representations or information."

The instant petition showed on its face that the policy of insurance sued on had lapsed because of the nonpayment of premiums, and that, while such premiums were subsequently paid, no evidence of insurability had been presented to the insurance company. Nor did the petition show a waiver by the company of the above-stated provisions of the policy. In *Harrod* v. *Sun Life Assurance Co.*, 49 *Ga. App.* 433, 435 (176 S. E. 53), this court said: "The policy sued on provides that 'No person except the president, vice-president, actuary or secretary, has power to alter this contract in any way;' and parol evidence to prove a modification of the contract, by some one other than the officers named, so as to make it include a pre-existing disability should be rejected by the court. Civil Code (1910), § 4268, par. 1 [Code, § 20-704]. The petition did not set out a valid cause of action, and the court properly sustained the general demurrer." In *Penn Mutual Life Ins. Co.* v. *Blount*, 165 *Ga.* 193 (2) (140 S. E. 496), the court held: "The unauthorized act of an agent, done in the principal's behalf, can not be ratified by the principal without actual knowledge of the act. The provisions of the Civil Code (1910), § 4530 [Code, § 37-116], have no application to the subject of waiver as related to

conditions imposing forfeitures in contracts of insurance." In that decision, many cases are cited to sustain its holding. "A principal is not put on notice of the unauthorized act of an agent by the mere knowledge of the agent of the acts he himself has done in excess of his authority." *Newton* v. *Gulf Life Insurance Co., 55 Ga. App.* 330, 332 (190 S. E. 69). In *Rome Industrial Insurance Co.* v. *Eidson,* 138 *Ga.* 592 (75 S. E. 657), the court held as follows: "A policy of insurance required the payment of a weekly premium, and declared that, if any payment should not be made when due, the policy should be void. It also contained this clause: 'Its terms can not be changed, or its conditions varied, except by a written agreement signed by the president or secretary of the company. Therefore agents (which term includes superintendents and assistant superintendents) are not authorized and have no power to make, alter, or discharge contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks. . . Should this policy become void in consequence of nonpayment of premium, it may be revived, if not more than fifty-two premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the company of the sound health of the insured.' *Held,* that the company could thus limit the authority of its agents as to waiving forfeitures or receiving overdue premiums; and one who accepted a policy with these terms in it was charged with notice of such limitations."

In my opinion, the case just cited is controlling in the instant case; and the petition was properly dismissed on oral motion. If there is any conflict between the ruling in the *Eidson* case, supra, and the decision of the Supreme Court of Alabama in Life & Casualty Co. *v.* Street, 213 Ala. 588 (105 So. 672), this court is obligated to follow the decision of the Supreme Court of Georgia.