28729. GULF LIFE INSURANCE COMPANY *v.* CAUSEY.

DECIDED MARCH 8, 1941. REHEARING DENIED APRIL 1, 1941.

*Clint W. Hager, J. D. Tindall, J. F. Kemp,* for plaintiff in error.
*W. H. Smith, J. A. Watson,* contra.

FELTON, J. This is the second appearance of this case. It was ruled on the former appearance that the petition was not subject to general demurrer. *Causey v. Gulf Life Insurance Co.,* 62 *Ga. App.* 378 (8 S. E. 2d, 535). The petition did not fully allege the facts as appeared on the trial. These facts show that a verdict against the insurance company was unauthorized, and by reason of the fact that the petition did not affirmatively allege these facts the former decision in the case is not controlling as the law of the case. The evidence showed that the premiums were paid in connection with an application for reinstatement after the policy had become lapsed according to its terms. The application for reinstatement specifically provided: "It is expressly understood and agreed that this policy is not considered reinstated or the company in any way obligated by reason of any cash paid in connection with this application until approved by the proper officials of the company at its home office in Jacksonville, Florida, and notice of approval sent me. Herman D. Causey." Under the terms of the policy no person except the president, secretary, or assistant secretary had the power to reinstate the policy or waive a forfeiture. At the time the application was signed and the money paid the insured was sick. Shortly thereafter he was carried to the hospital because of the illness with which he was afflicted at the time of the application for reinstatement. While in the hospital he died from this illness. There was no evidence that the company knew the insured had signed the application for reinstatement without reading it, or that there was any fraud on the part of the agent otherwise than by the knowledge of the agent who took the application. assuming for the sake of the argument that there was fraud which led the insured to believe that he was paying a premium rather than applying for reinstatement. There can be no ratifica-

tion without notice other than notice of this kind. *Penn Mutual Life Insurance Co.* v. *Blount,* 165 *Ga.* 193 (140 S. E. 496) ; *Bank of Commerce* v. *New York Life Insurance Co.,* 125 *Ga.* 552 (54 S. E. 643) ; *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183). The evidence did not authorize the finding that the company waived the forfeiture by retaining the money for an unreasonable length of time. The insured was sick at the time of the application for reinstatement, and was immediately carried to the hospital where he died. There was no reasonable opportunity for the company to investigate the insured's condition before his death. There was no evidence tending to show that the company held the money for any purpose other than in connection with the reinstatement of the policy. The money and the application for reinstatement were retained by the superintendent of the Atlanta division and they were never forwarded to the home office to the officers of the company who had authority to reinstate the policy, and there is no evidence that the officers having authority to reinstate knew that the superintendent had received the money and the application for reinstatement. These rulings cover the special grounds of the motion, and it is not necessary to rule specifically on each one. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*