37748. BILL JONES MOTORS, INC. *v.* MITCHELL.

DECIDED SEPTEMBER 17, 1959.

*R. Lee Chambers, III, Sanders, Thurmond & Hester, Carl E. Sanders*, for the plaintiff.

*Nicholson & Fleming, William M. Fleming, Jr.*, contra.

GARDNER, Presiding Judge. The defendant Bill Jones Motors, Inc., assigns no error except on the general grounds, and contends that the plaintiff did not produce sufficient evidence to support the verdict of $500 rendered by the jury in her favor. Code § 70-202 provides: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before another jury." It has been held that where there is any evidence to support the finding of the jury, and no error is otherwise committed, the verdict will stand. *Bush* v. *Fourcher*, 3 *Ga. App.*

43 (59 S. E. 459). It is only where there is not sufficient evidence to support the verdict rendered that the appellate courts will interfere therewith, assuming everything to be true as proved. *Porter* v. *Kolb*, 46 *Ga.* 266, and *Sapp* v. *Sapp*, 50 *Ga. App.* 145 (177 S. E. 265).

The plaintiff testified that the salesman told her that the car was "in first class condition" when purchased. The plea and answer of the defendant alleges that the car was sold on a 30-day guarantee basis and that the plaintiff did not bring the car back to the defendant's shop for repairs during that time, and "has never complained to any of the agents, servants or employees of the defendant specifying what was wrong with said automobile." There was no written guarantee in the bill of sale that the car was in good mechanical condition.

The evidence on direct examination was sufficient to show that there was a partial failure of consideration in the $775 purchase price of the plaintiff's automobile due to the fact that the vehicle was not reasonably suited for the purpose for which it was intended when sold. However, on cross-examination the defendant established the fact that the plaintiff sold the car for $655 to another dealer, (the amount being credited toward the purchase price of another car). This was done within three or four months after purchasing the car from the defendant for $775. Under such circumstances the jury would have been authorized to find that the plaintiff was damaged in the sum of at least $120, but since there is no evidence that the $655 credit that she received on the purchase of the new car was no more than the equivalent of $275, (that being the difference between what she originally paid for the car and the verdict she received for its value), it follows that the verdict in the sum of $500 was not authorized by the evidence.

The court erred in denying the motion for new trial on the general grounds only.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*