## 61442. WITT v. THE STATE.

DEEN, Presiding Judge.

1. Witt was indicted and convicted for the offenses of armed robbery and possession of a firearm during the commission of a felony. The first two enumerations of error, which are considered together, contend that the court erred in allowing in evidence certain items which were the result of an illegal warrantless search, and in denying a motion for mistrial based on the failure to exclude evidence tending to show independent criminal offenses. The two grounds refer to the same factual situation as follows: Witt and a girl whom the landlord understood to be his wife rented the owner's trailer by the week, and paid in advance. On a day representing a "break even point" in their rent he was told by the girl that the couple intended moving out that evening. The witness waited until dark, went by the trailer, found it empty and the door unlocked and went in. Clothes and personal effects of the couple had been removed. The witness then noticed a television and other merchandise remaining in the trailer and called the police, to whom he gave permission as the owner to search the premises on the good faith supposition that the rental contract had terminated.

(a) We find no error. The owner's testimony that the rental period had ended was confirmed by the defendant's girl friend who accompanied him during the robbery. She testified that they rented the trailer the day after the Pizza Hut incident and stayed "about a week," and that she recalled telling the landlord they were looking for an apartment. Testimony by the police detective who responded to the call to examine the trailer establishes that he was told the landlord owned the mobile home and that it was vacant. The cases Chapman v. United States, 365 U. S. 610 (81 SC 776, 5 LE2d 828) (1960); Johnson v. United States, 333 U. S. 10 (68 SC 367, 92 LE 436) (1947); and Taylor v. United States, 286 U. S. 1 (52 SC 466, 76 LE 951) (1931) involve situations where police entered premises knowing them to be in the possession of a tenant or like person without a warrant and without permission of the tenant. Here there is sufficient evidence to authorize the conclusion that the defendant's rental period had expired and he had in fact left the house, abandoning a money bag with the name Pizza Hut on it, some coin wrappers, and some other items. Neither probable cause nor a warrant are required where the search and seizure are conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). The consent may be given by a third party if the latter has a sufficient relationship to the premises. Green v. State, 242 Ga. 261 (294 SE2d 1) (1978); Fears v. State, 152 Ga. App. 817 (1) (264 SE2d 284) (1979).

(b) The remaining "merchandise" found by the police turned out to be items stolen in other robberies, and there were references to them in explanation of the landlord's suspicions and call asking for a police inspection. The court charged: "I want to instruct you now specifically on testimony which came out once or twice during the trial of the case that has to do with an independent crime which [it] may have been suggested that the defendant, Mr. Witt, committed. Mr. Witt is on trial for only the crimes charged in the indictment and for no other crime. There was some statement made about some other property in a trailer, and my memory tells me a T.V. set or something like that was stolen in the trailer. Now, I instruct you that that has nothing to do with this case. Mr. Witt is on trial only for those offenses in the indictment. Whether or not there was a T.V. in the trailer, whether or not it was stolen or other property other than this money bag that you will have out with you, is completely irrelevant and beside the point in this case, and I instruct you to disregard that testimony." One remark which was volunteered referred to a stolen pistol found in defendant's vehicle, and was ruled out on objection. Another volunteered remark was that the television set pointed out by the owner to the detective was checked and found to be stolen, as to which statement no objection was made at the time, although it was the basis of a subsequent motion for mistrial. Later the defendant's girl friend, who had been placed on the stand by the state, volunteered that they returned to the trailer and saw that "the stuff from the burglaries, the T.V. set and stuff was gone, so we got in the car." The couple then fled, pursued by the police, and were forced to stop when the police car nudged the vehicle off the road. Again, no objection was offered at the time but the motion for mistrial was renewed and denied at the close of the evidence.

"Ordinarily, when illegal testimony is placed in evidence, it is not an abuse of discretion to refuse to grant a mistrial if sufficient corrective instructions are given in ruling the testimony out . . . This is true even if the illegal testimony has the effect of placing the defendant's character in issue . . . especially when the testimony is volunteered by the witness and not directly elicited by the solicitor." *Cross v. State,* 136 Ga. App. 400, 403 (221 SE2d 615 ) (1975). Since the items in question, referred to but not introduced in evidence, were the cause of the owner's original call to the police, and since specific and positive corrective instructions were given by the trial judge, the denial of the motion for mistrial was not an abuse of discretion.

2. The denial of a new trial on the ground that the verdict is contrary to the evidence addresses itself only to the discretion of the trial judge. Code § 70-202; *Payton v. Turner,* 50 Ga. App. 519 (179 SE 163) (1934).

3. A conversation between two detectives of Cherokee and Cobb Counties respectively was offered to explain the manner of linking up the money bag discovered in the defendant's trailer with the Pizza Hut robbery. Code § 38-302. It was admissible for this purpose.
*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 18, 1981.

*H. Clifton Conrad, Jr., Steven M. Campbell,* for appellant.
*Frank C. Mills III, District Attorney,* for appellee.