61529. HUTSELL v. U. S. LIFE TITLE INSURANCE
COMPANY OF DALLAS.

McM<small>URRAY</small>, Presiding Judge.

This case involves a suit for shortage of land brought by the grantees, as plaintiffs, against the grantors, the surveyor, and the title insurance company issuing a policy of title insurance insuring the transaction. Attached to the action were copies of the warranty deeds to the two tracts of land, a copy of the survey, and a copy of the owner's policy and a letter from the insurance agent notifying the plaintiffs that under the owner's policy "both tracts of property are insured in the amount of your purchase price. You will also note that the survey has been insured."

Plaintiffs contend that the two tracts should have contained 6.12 acres in accordance with the survey but contained less than 4 acres of land. Judgment was therein sought for $30,000, jointly and severally against all the defendants and that judgment against the defendant title insurance company be also in the amount of 25% of its liability under Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712).

The owners' policy was executed by the president attested to by the "Senior Vice President, Secretary and Treasurer," and signed by "James H. Bone" as the "Authorized Signature." Under Schedule B the policy did not insure against loss or damage by reason of "[a]ny discrepancies, conflicts in boundary lines, shortage in area, encroachments, overlapping of improvements, or other boundary or location disputes . . . [and] . . . [a]ny roadway or easement, similar or dissimilar, on, under, over, or across said property, or any part thereof not shown by the public records."

In this appeal we are concerned only with the status of the defendant U. S. Life Title Insurance Company of Dallas. In addition to its answer (denying the claim), its counterclaim (seeking damages

and expenses of litigation), and its cross ("action") claim against the surveyor defendant, it also filed a motion for judgment on the pleadings which was denied after a hearing. This defendant then filed its motion for summary judgment attaching the affidavit of the insurance agent, James H. Bone, who issued and signed the policy under "Authorized Signature," with a copy of his contract of employment attached to the affidavit wherein he deposed he had no authority "to amend any company policy without signatures of the company officials." The language of the contract in which the agent's authority was limited reads as follows in limiting his agency relationship to only "title insurance; nor shall the Agent have authority [to] change, alter or amend the terms of any title policy forms supplied by the Company; nor in any way to bind the Company by any representation, promise or otherwise, except in accordance with the terms and conditions of any title policy issued on the forms of the Company."

Thereafter, in consideration of the motion for summary judgment the trial court stated in its order granting same in favor of this defendant that the policy specifically excluded "any claim as to shortage in area such as the one on which plaintiffs here base their claim," and nothing appears to controvert the provisions of the written contract relied upon by defendant as controlling so as to pierce the claim of the plaintiffs, citing *Steward v. Jim Walter Homes, Inc.,* 229 Ga. 244 (190 SE2d 520). Only one of the plaintiffs appeals. *Held:*

1. The examination of the policy of title insurance as written clearly shows in Schedule B with reference to items not insured against loss that the policy did not insure real property as to its size, which had been conveyed as two tracts, one being 4.54 acres and the other "1.58 acres, more or less." However, the survey referred to in the description did not show "more or less" but showed both tracts as 6.12 acres "(Total)." By letter to the insured with the policy enclosed, the agent James H. Bone added that "the survey has been insured," which is in direct conflict with the language in Schedule B of the policy included with the letter as therein stated. Movant has now added the agency contract between the insurer and its agent Bone which appears not to give him any authority to change "the terms of any title policy forms supplied by the Company; nor in any way to bind the Company by any representation, promise or otherwise; except in accordance with the terms and conditions of any title policy issued on the forms of the Company." However, under conditions and stipulations in the policy, it is set forth that the liability of the insurer is limited to the policy and states that "[n]o amendment of or endorsement to this policy can be made except by

writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company." Accordingly, it is absolutely clear and concise that the agent Bone, while not being able to change the terms of the "policy forms supplied by the Company," yet he could fill out Schedule B which shows additions thereto, as well as Schedule A, which shows the named insured and the property insured and for such amount. As an authorized signatory, the agent could also add an amendment or endorsement, and it appears that the agent has done so by letter. Accordingly, the language of the policy, when considered in the light of the contract of authority of the agent Bone, is clearly ambiguous as the policy was executed by him as an authorized signatory who issued the policy over his "Authorized Signature." Accordingly, the writings must be construed most strongly against the insurer and in favor of the insured, the same having been issued for the purpose intended. *Johnson v. Mutual Life Ins. Co.,* 154 Ga. 653 (1, 2) (115 SE 14); *Davis v. United American Life Ins. Co.,* 215 Ga. 521, 527 (111 SE2d 488); *Fokes v. Interstate Life &c. Ins. Co.,* 59 Ga. App. 680 (2 SE2d 170); *Southeastern Fidelity Ins. Co. v. Fluellen,* 128 Ga. App. 877, 879 (198 SE2d 407); *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 676-677 (222 SE2d 828). Further, as was stated at page 528 of *Davis v. United American Life Ins. Co.,* 215 Ga. 521, supra, "[t]he insurer is presumed to have intended that the clause most favorable to the insured be effective else it would not have inserted it in the policy it issued, and the insured is presumed to have chosen and intended to accept that which is most favorable to him." There being a conflict in the policy as written and amended or endorsed, an issue of material fact remains for determination as to the coverage and as to the intentions of the parties with reference to this contract of insurance.

2. It also clearly appears that where an agent has certain authority from his principal by reason of the principal's conduct and course of dealing as well as the express agency contract, and thus induces another to deal with his agent as such, the principal is estopped to deny that the agent has such authority which, as reasonably appears or is deducible from the conduct of the parties (principal and agent), the agent apparently has. Considering all the facts and circumstances in the case sub judice, as well as the express agency contract with reference to the issuance of the policy of insurance and possible amendment of same by letter, the evidence does not demand a finding that the plaintiffs were uninsured as to the survey and tract acreage involved. Further, the evidence must be construed most strongly in favor of the party opposing the motion for summary judgment. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551,

552-553 (181 SE2d 866); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1), 179 (129 SE2d 408). Accordingly, the trial court erred in granting summary judgment.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 10, 1981.

*Asa Mitchell Powell, Jr.,* for appellant.
*Reuben M. Word,* for appellee.