A90A2003, A90A2004. CLARK v. UNITED INSURANCE COMPANY OF AMERICA; and vice versa.
(404 SE2d 149)

McMurray, Presiding Judge.

Bonnie Kay Clark (plaintiff) sued United Insurance Company of America (defendant) and alleged that she is the beneficiary under two insurance policies issued by defendant and covering the life of plaintiff's deceased child, Mack Jacobs a/k/a Mike Jacobs. Defendant denied liability under the policies and the case was tried before a jury. The evidence revealed the following:

On March 2, 1983, defendant issued plaintiff a life insurance policy covering her life for $5,000. The policy includes a "CHILDRENS INSURANCE RIDER" which provides that plaintiff will be paid $2,000 per child if any of her children die within the policy period. On February 1, 1986, defendant issued a life insurance policy naming plaintiff's child, Mack Jacobs, as the insured, insuring his life for $5,000 and designating plaintiff as the beneficiary. Both policies include "ACCIDENTAL DEATH BENEFIT" provisions which provide additional coverage of "a sum equal to the face amount as part of the proceeds of the policy . . ." upon the "death of the Insured that . . . results directly . . . from accidental bodily injury; and . . . occurs while this policy and rider are in full force and effect." The policies further provide that premiums "must be paid in advance [and that if] the premium is not paid by the end of the [31-day] GRACE PERIOD, the policy will lapse as of the due date of that premium." The policies also provide that a lapsed policy may be reinstated within five years

upon evidence of insurability and payment of past due premiums.

On June 1, 1987, monthly premiums were paid on both policies. No premiums were paid on the policies in July or August of 1987. On September 2, 1987, Mack Jacobs was accidentally killed. On September 3, 1987, defendant's local sales representative, Jeff Hayes, learned of Mack Jacobs' death and on September 4, 1987, he went to plaintiff's home and instructed her "to go ahead on and pay [her policy] premium. . . ." Plaintiff's sister went to defendant's office and she paid $58 to one of defendant's employees who was not aware that the money was being paid after the 31-day grace period and after Mack Jacobs' death. The employee accepted the payment and gave plaintiff's sister a "CONDITIONAL TEMPORARY RECEIPT" which provides that the $58 "is accepted only on condition that said policy or policies are actually in benefit and in accordance with their terms on the date hereof; otherwise said deposit will be refunded." (No policy information, beneficiaries or policy numbers appear on this receipt. Other than printed instructional and disclaimer information, the receipt shows only plaintiff's name, the date of receipt "9-4-87," the amount of money paid and general agency information.) Plaintiff thereafter claimed benefits under the policies. However, defendant refused to pay "under either contract since both policies had lapsed due to non-payment of premium at the time of death."

The jury returned a $4,000 verdict for plaintiff under plaintiff's life insurance policy and returned a verdict for defendant under Mack Jacobs' life insurance policy. Plaintiff appealed in Case No. A90A2003 after the denial of her motion for new trial. Defendant cross-appealed in Case No. A90A2004. *Held*:

## *Case No. A90A2003*

1. Plaintiff contends the trial court erred in denying her motion for new trial, arguing that the evidence demanded a finding that defendant waived the policy provision which provides that coverage lapses in the event of non-payment of premiums after the 31-day grace period.

"If an insurance company receives, accepts, and retains past-due premiums which are paid subsequent to the due date and expiration of the grace period, it renews the contract and waives the forfeiture for non-payments provided the acceptance is unconditional and the facts are known. An insurer which accepts past-due premiums or assessments in violation of its own regulations cannot invoke the same in order to avoid liability. *Causey v. Gulf Life Ins. Co.*, 62 Ga. App. 378, 380 (8 SE2d 535) (1940). If a forfeiture occurs, it does so immediately upon a breach of a condition of the contract upon which it is based. Forfeitures, not being favored in the law, once made cannot be

recalled. *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4, 6 (305 SE2d 801) (1983). See also *Farmers Mut. Co-op Fire Ins. Co. v. Kilgore*, 39 Ga. App. 528 (1) (147 SE 725) (1929)." *Horace Mann Life Ins. Co. v. Lunsford*, 172 Ga. App. 866, 869 (324 SE2d 808). In the case sub judice, plaintiff argues that defendant waived the provision in Mack Jacobs' policy which requires a lapse of benefits if payment is not received within 31 days after a premium becomes due by accepting the $58 payment from plaintiff's sister after expiration of the 31-day grace period and with knowledge of Mack Jacobs' death. This argument is without merit.

"The denial of a [motion for] new trial on the ground that the verdict is contrary to the evidence addresses itself only to the discretion of the trial judge. Code § 70-202 [now OCGA § 5-5-20]; *Payton v. Turner*, 50 Ga. App. 519 (179 SE 163) (1934)." *Witt v. State*, 157 Ga. App. 564, 565 (2) (278 SE2d 145). It is of no consequence on review of the denial of a motion for new trial based on the sufficiency of the evidence that the evidence adduced at trial would have authorized a verdict for either party. *Daniels v. Hartley*, 120 Ga. App. 294, 295 (170 SE2d 315). A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence. See *Burnet v. Bazemore*, 122 Ga. App. 73, 74 (176 SE2d 184); *Bill Jones Motors v. Mitchell*, 100 Ga. App. 185, 188 (110 SE2d 555), and *Gledhill v. Brown*, 44 Ga. App. 670, 671 (1) (162 SE 824).

In the case sub judice, there was no evidence showing that any part of the $58 paid to defendant after Mack Jacobs' death was credited to Mack Jacobs' insurance policy and, even if part of the $58 was intended as a premium on Mack Jacobs' policy, the evidence indicates that the money received by defendant from plaintiff's sister was held in escrow in order to determine whether an insured was eligible for coverage. Further, there is no evidence that defendant's agent, Jeff Hayes, specifically instructed plaintiff to pay Mack Jacobs' insurance premium the day after Mack Jacobs' death. In this regard, plaintiff testified that Jeff Hayes came to her house on the morning after Mack Jacobs' death and told her "to go ahead on and pay [her policy] premium. . . ." This evidence and evidence showing that no instructions were given by plaintiff or plaintiff's sister that the $58 was to be paid toward Mack Jacobs' life insurance policy authorized the jury's finding that defendant did not waive the forfeiture provision under Mack Jacobs' policy by accepting an untimely premium payment after the insured's death. Consequently, the trial court did not err in denying plaintiff's motion for new trial.

*Case No. A90A2004*

2. Defendant, in its cross-appeal, first contends the trial court erred in denying its motion for directed verdict as there was no evidence to support a finding that defendant waived the provision in plaintiff's life insurance policy which provides that coverage lapses when premiums are not received within the 31-day grace period. This contention is without merit.

As previously stated in our consideration of Case No. A90A2003 herein, "[i]f an insurance company receives, accepts, and retains past-due premiums which are paid subsequent to the due date and expiration of the grace period, it renews the contract and waives the forfeiture for non-payments provided the acceptance is unconditional and the facts are known." *Horace Mann Life Ins. Co. v. Lunsford*, 172 Ga. App. 866, 869, supra.

In the case sub judice, plaintiff testified that over the years defendant had accepted several payments on her policy after expiration of the 31-day grace period; that defendant's agent, Jeff Hayes, came by her home the day after Mack Jacobs died and instructed plaintiff "to go ahead on and pay [her policy] premium . . ." and that defendant never returned the $58 her sister delivered to defendant's office the day after Mack Jacobs' death.[1] Further, Jeff Hayes testified that plaintiff's monthly premium had not been paid since June 1, 1987; that plaintiff's 31-day grace period expired 31 days after June 2, 1987, and that he was aware on September 3, 1987, that Mack Jacobs was dead. This evidence was sufficient to authorize a finding that defendant waived the forfeiture provision of plaintiff's policy. See *Horace Mann Life Ins. Co. v. Lunsford*, 172 Ga. App. 866, supra. Consequently, the trial court did not err in denying defendant's motion for directed verdict.

3. Next, defendant contends the trial court erred in denying its motion for directed verdict on plaintiff's claim under Mack Jacobs' life insurance policy. The issue raised in this enumeration is moot since the jury found for defendant on this aspect of plaintiff's claim.

4. In its third enumeration, defendant contends the trial court erred in allowing plaintiff to recover the "ACCIDENTAL DEATH BENEFIT" provision of her policy.

The "CHILDRENS INSURANCE RIDER" provides that "BENEFIT OPTIONS of the policy do not apply to this rider[, but that the] other terms and provisions of the policy, except as modified

---

[1] The record shows that defendant tendered $58 into court after plaintiff filed suit to recover under the policies of insurance, but there is no evidence contradicting plaintiff's testimony that defendant never returned the $58 premium her sister paid at defendant's office on September 4, 1987.

herein, apply to this rider." Defendant argues that the "ACCIDEN-TAL DEATH BENEFIT" provision is an optional benefit which is specifically excluded in the "CHILDRENS INSURANCE RIDER." However, defendant points to no specific provision in plaintiff's policy which describes the "ACCIDENTAL DEATH BENEFIT" as an optional benefit. Further, we have examined plaintiff's entire policy and find no language showing that the "ACCIDENTAL DEATH BENE-FIT" provision was optional coverage for plaintiff. On the contrary, the "ACCIDENTAL DEATH BENEFIT" provision specifically provides that "[t]his benefit is part of the policy to which it is attached."

" '[I]t is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer. The policies are prepared by the company by experts and legal advisers acting in the interest of the company, and the insured has no voice in the selection and arrangement of the words employed.' *Atlas Assurance Co. v. Lies*, 70 Ga. App. 162, 164 (27 SE2d 791), and cit." *Kytle v. Ga. Farm &c. Ins. Co.*, 128 Ga. App. 109 (1), 112 (195 SE2d 787). Further, where language of an insurance policy is ambiguous, it must be construed most strongly against the insurer and in favor of the insured. *Hutsell v. U. S. Life Title Ins. Co. &c.*, 157 Ga. App. 845, 846 (1), 847 (278 SE2d 730).

In the case sub judice, since there is no clear indication that the "ACCIDENTAL DEATH BENEFIT" was an optional benefit under plaintiff's policy of insurance, the trial court did not err in allowing the jury to determine whether plaintiff was entitled to recover under the "ACCIDENTAL DEATH BENEFIT" provision of the policy. This enumeration is without merit.

5. Defendant contends "[t]he trial court erred in denying [its] motion to remove . . . the question of bad faith of defendant in failing to pay plaintiff's claims." The issue raised in this enumeration is moot since the jury found for defendant on this aspect of plaintiff's claim.

6. In its fifth enumeration, defendant contends the trial court "erred in charging the jury that 'private instructions or limitations not known to persons dealing with a general agent shall not affect them.' " Defendant argues that this instruction was not adjusted to the evidence and that it "could have misled the jury as the testimony of the sales agent in the case who did testify." This argument is without merit.

There is evidence that defendant advised the district manager in charge of plaintiff's policy "that the $58.00 premium which was collected after the death [of Mack Jacobs] should be credited to [plaintiff's] policy." (The record indicates that plaintiff was not privy to defendant's instruction to its district manager.) This evidence authorized the trial court's charge that "private instructions or limitations

not known to persons dealing with a general agent shall not affect them." However, even assuming that there was no evidence to support this charge, we find no error as this instruction was only pertinent to defendant's liability under Mack Jacobs' policy, i.e., whether defendant accepted premiums for Mack Jacobs' policy after the insured's death. See *Hall v. State*, 176 Ga. App. 498, 501 (3) (336 SE2d 604).

7. In its final enumeration, defendant contends the trial court erred in instructing the jury as to the form of the verdict. However, defendant failed to object to this jury instruction and thereby waived any defects in the charge. *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244).

*Judgments affirmed in Case No. A90A2003 and in Case No. A90A2004. Sognier, C. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I concur in the majority opinion. However, I wish to write further with regard to Division 4 dealing with the defendant's contention that the trial court erred in allowing the jury to consider plaintiff's claim to recover the "ACCIDENTAL DEATH BENEFIT" provided by the policy. As indicated in Division 4, the defendant contends that accidental death benefits were excluded by the terms of the Childrens Insurance Rider which provides that: "BENEFIT OPTIONS of the policy do not apply to this rider. . . ." The majority states that "defendant points to no specific provision in plaintiff's policy which describes the 'ACCIDENTAL DEATH BENEFIT' as an *optional benefit*. Further, we have examined plaintiff's entire policy and find no language showing that the 'ACCIDENTAL DEATH BENEFIT' provision was *optional coverage* for plaintiff." (Majority Opinion, p. 5.) I agree with the majority's conclusion in Division 4 that plaintiff was not precluded from recovering the accidental death benefit by virtue of the above quoted language in the "CHILDRENS INSURANCE RIDER." However, I do not think that this conclusion is mandated only because of the *absence* of a specific policy provision describing the double indemnity provision as an "optional benefit." The majority paraphrases the exclusion from the Childrens Insurance Rider as an "optional benefit," while the applicable language is "Benefit Options." Page 1 of the policy states: "The Benefit Options are ways we can pay the death proceeds. . . ." The table of contents lists "Benefit Options" as being shown on page 8 of the policy. Page 8 of the policy is entitled "Benefit Options," and on that page, four different methods of payment of death proceeds are set forth. Thus, the accidental death benefit of the policy is not a "benefit option." The trial court did not err in allowing the plaintiff to recover under the "ACCIDENTAL DEATH BENEFIT" provision of her policy.

DECIDED MARCH 8, 1991.

*Douglas L. Gibson*, for appellant.
*Kopp, Peavy & Conner, J. Edwin Peavy*, for appellee.