SULLIVAN *et al. v.* CONNECTICUT INDEMNITY ASSOCIATION.

1. The evidence introduced by the plaintiff, on the trial of an action upon a policy issued by a life-insurance association, showing that promissory notes given by the insured for the first premium on such policy had matured while he was in life, and that the same had never been paid, and the policy stipulating that "No insurance shall take effect under this policy until the first payment hereby required is made during the lifetime and continued good health of the insured," and also that "In case any note, check or draft, given in payment or part payment of money due the association, shall not be paid at maturity, this policy lapses in the same manner as it would had the payment not been made when due," there was no error in granting a nonsuit.

2. If, in a case of this kind, a demand upon the insured for payment of the premium notes after their maturity could, in any event, be treated as a waiver by the association of the foregoing stipulations, it certainly ought not to be so treated when payment is refused.

Argued June 9, — Decided July 20, 1897.

Action on insurance policy. Before Judge Reid. City court of Atlanta. November term, 1896.

*Clinton Gowdy* and *H. M. Patty*, for plaintiffs.

*Anderson, Felder & Davis* and *Fulton Colville*, for defendant.

LUMPKIN, P. J. 1. The policy of life-insurance upon which the present action was brought contained the stipulations quoted in the first headnote. The insured had given promissory notes for the first premium due on this policy. These notes matured before he died, but no part of the same was ever paid. We are therefore unable to perceive how the collection of this policy could be enforced without violating the plain and unequivocal conditions of the contract as therein expressed.

2. It appeared, however, that an agent of the insurance association had demanded of the insured payment of the premium notes after they matured, and it was claimed that the making of such demand amounted to a waiver by the association of the above mentioned stipulations. If, in any event, the fact that such a demand was made could be treated as a waiver, this certainly ought not to be done when payment was refused. To hold otherwise, it seems to us, would be going contrary to the plainest principles of right and justice. At most, it could only be fairly said that the association had *offered* to waive the conditions expressed in the policy, and that the insured had declined to accept the offer.

*Judgment affirmed. All the Justices concurring.*