## 3055. McGEHEE *v.* RINKER.

1. The suit being upon an unconditional contract in writing, and no issuable defense having been filed, the verdict in favor of the plaintiff, as well as the dismissal of the certiorari, followed as a matter of logical and legal necessity.

2. Even if, under a mere plea of the general issue, it could be asserted that the consideration of the promissory note had failed, the evidence was wholly insufficient to show that there had been a failure of consideration. There is nothing in the record to show that the insurance policies in question contained any stipulation avoiding them upon failure to pay notes given for the premiums, so as to bring the case within the rulings in *Sullivan* v. *Connecticut Indemnity Association,* 101 *Ga.* 809 (29 S. E. 41), and *National Life Association* v. *Brown,* 103 *Ga.* 382 (29 S. E. 927). In the absence of such proof, under the ruling in *Arnold* v. *Empire Mutual Annuity Life Insurance Co.,* 3 *Ga. App.* 685 (60 S. E. 470), and citations, the non-payment of the note would not necessarily void the policy.

DECIDED APRIL 3, 1911.

Certiorari; from Fulton superior court—Judge Bell. October 10, 1910.

*Munday & Cornwell,* for plaintiff.

RUSSELL, J. McGehee applied for two policies of insurance in the American National Insurance Company, of Galveston, Texas. The applications were solicited by Rinker, and were delivered by him to one Popham, the agent of the insurance company, at Atlanta, Ga. Popham forwarded the applications, and in the course of time the two policies of insurance were forwarded to him, and were delivered by him to Rinker, and Rinker in turn delivered them to McGehee. The record does not disclose the exact date when the policies were delivered to McGehee, but it was some day between September 9, 1909, and October 16, 1909, for the policies bear the former date, and on the latter date McGehee gave the note for the premium which forms the basis of the present action. It appears from the oral testimony delivered upon the trial that this

note was given for the first premium upon the policies. This note was made payable to the order of Rinker, the plaintiff in the present suit. It is provided that the note be paid in partial payments, on November 2, and December 2, 1909, and January 2, February 2, March 2, April 2, and May 2, 1910. McGehee made the first payment, though in two instalments. He did not make the payment due on December 2, 1909, and after the receipt of two letters from the home office of the company he refused to make any further payment upon the note. Thereupon Rinker instituted suit upon the note, the jury in the justice's court rendered a verdict in his favor, and McGehee sued out a writ of certiorari to the superior court, which was overruled, and he excepted to the judgment overruling the certiorari.

The two letters which McGehee received are identical, except that one is dated December 14 and the other December 15, and one refers to policy No. 11,124, and the other to policy No. 11,125. As stated above, it is upon these letters that McGehee bases his refusal to pay the note. As we see it, the letters do not afford McGehee any defense, nor is there really any excuse why he should not have made his payments as promised. In so far as material, the letters only asked McGehee whether he had received the policies, which the books of the company at Galveston showed he had applied for. The letters purport to be written by the second vice-president of the company, and state that the books show that an application was made for a policy through the company's agent, Popham, and was forwarded on the 9th of September, that the company has not received any report in reference to the policy, and that the period of 60 days allowed by the company after the date of the policy within which a report can be made has elapsed. The letter concludes as follows: "As, at the end of the year, the company desires to close its books, we would very greatly appreciate your letting us know by return mail on the inclosed card if the policy has been received and settled for by you." Apparently the letter is merely seeking to find out from the policy-holder whether its agent has collected funds which have not been reported to the company. If McGehee had paid the premium to the duly authorized agent, his rights as a policy-holder could not have been affected by the fact that the agent had failed in his duty by not making proper report to the company. It would not matter to McGehee whether

the time for making report by the agent had or had not elapsed. His rights under the contract, so far as appears from this record, could not be affected by any failure of the company's own agent to do his duty. For this reason we do not see that any defense to the note could have been predicated upon the fact that the time in which Popham should have made a report on the policy to the insurance company as his principal had elapsed, if McGehee, as he testified, informed the insurance company that he had their policies and they made no further inquiry or objection thereto—in other words, did not assert that his possession was wrongfully obtained.

But whether McGehee could or could not have asserted a defense under the facts as he stated them, he certainly did not do so. The suit was upon an unconditional contract in writing by which he promised to pay Rinker, or order, in instalments a certain sum of money for value received. There was no plea of failure of consideration; there was no plea. It is true that what purported to be a plea was sworn to and filed. It was what was known as a plea of general issue, before the passage of the Neel act (Civil Code (1910), § 5539), but presents no defense whatever to an unconditional contract in writing; and failure of consideration must, of course, be specially pleaded. The suit being upon an unconditional contract in writing, and no issuable defense having been filed, the verdict in favor of the plaintiff, as well as the dismissal of the certiorari, followed as a matter of logical and legal necessity.

Counsel for the plaintiff in error cite *Sullivan* v. *Connecticut Indemnity Association,* 101 *Ga.* 809 (29 S. E. 41), and *National Life Association* v. *Brown,* 103 *Ga.* 382 (29 S. E. 927), in an effort to show that the consideration of the note had failed, and that therefore McGehee was justified in refusing to make any further payments upon it. The rulings in these cases are simply to the effect that where it is provided in a contract of insurance that if any note given for a premium is not paid, the policy shall lapse, and such note or notes are not paid, this stipulation is enforceable, and the policy is void. There is nothing in the present record to show that the policies in question contain any such stipulation. The contents of the policies are not set out, and therefore, if the defendant sought to present these points, he failed to do so in his petition for certiorari.

On the other hand, as was held in *Arnold* v. *Empire Mutual*

*Annuity & Life Insurance Co., 3 Ga. App.* 685 (60 S. E. 470), unless it affirmatively appeared that the policies did contain this express stipulation, the mere non-payment of a note given for a premium would not affect the validity of the contract, or necessarily relieve the insurance company from payment of the policy. The defendant in the justice's court attempted to show that his note given to Rinker was without consideration, because he had not received the policies of insurance he contracted for, and therefore that he owed Rinker nothing. He failed to sustain this contention by evidence, even if he had a plea which authorized introduction of evidence upon the subject. So far as appears from the record, the delivery of the policies to him by Rinker was in behalf of Popham, and Popham was the duly authorized agent of the company. Therefore it could not be asserted that his possession of the policies was wrongful or fraudulent. There was no circumstance which would have authorized the inference that there was any fraudulent collusion between the insured and the agent of the company in the delivery or acceptance of the policies, and in the absence of any evidence of this character the company would have had to look to Popham, its agent, for the premium. *Williams* v. *Empire Mutual Annuity & Life Insurance Co., 8 Ga. App.* 303 (68 S. E. 1082). So far as the note in the present instance is concerned, it can be presumed from what appears of the transaction that Rinker satisfied Popham for the premium on McGehee's policies. In any event, so far as appears from the record, the policies of insurance had not lapsed; nor is it apparent that there is any ground upon which they could be avoided, although the time in which the agent should have made a report to the company had elapsed.     *Judgment affirmed.*