## 65472. STATE FARM FIRE & CASUALTY COMPANY v. JENKINS.

CARLEY, Judge.

Appellant-insurance company appeals from a judgment entered on a verdict in favor of appellee-insured. The facts which gave rise to the instant appeal are as follows: On December 7, 1979 appellee's home and contents therein were destroyed by fire. Pursuant to the terms of his homeowner's policy issued by appellant, appellee submitted a proof of loss and, subsequently, an amended proof of loss. On June 17, 1980, appellant denied the claim by a letter to appellee's attorney stating: "Based on our investigation into the origin of this loss and in reviewing the claim as presented by [appellee], I regret to advise you that we will be unable to make payment to [appellee] for this loss. For your information, the following is a quotation from the CONDITIONS Section of the insurance policy involved in this loss: 'Concealment or Fraud. This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.' Our investigation reveals this fire loss was a result of incendiary origin, and [appellee] had both the motive and opportunity to set it. Our investigation has also revealed intentional concealment and misrepresentations of material facts regarding the circumstances and amount of this loss."

Several weeks prior to this letter — but *after* the proof of loss and amended proof of loss had been submitted by appellee — appellant mailed to appellee a premium notice. Also, subsequent to appellant's letter of June 17, 1980, denying appellee's claim, appellant mailed to appellee further notices stating that the policy would be cancelled if the premium was not paid. In response, appellee did not renew his policy with appellant, but did submit yet another amended proof of loss. However, appellant did not change its position and continued to refuse to pay the claim. Appellee then instituted the present suit and successfully obtained a recovery on the policy.

1. Throughout the case, appellant admitted that, at the time of

the fire, appellee's homeowner's insurance policy was in full force and effect. Appellant did, however, assert defensively that appellee had intentionally concealed and misrepresented material facts and circumstances concerning the fire in the statements contained in his proofs of loss, that the policy accordingly became void as of that time, and that no coverage therefore existed for any of appellee's alleged losses. In asserting this defense, appellant relied on the following clause in the policy: "Concealment, Fraud. This entire policy shall be void if whether before or after a loss the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured thereof, or in case of any fraud or false swearing by the insured relating thereto." Appellant specifically contended that the proof of loss and amended proof of loss forms submitted by appellee contained statements that certain items were destroyed by fire when actually such items had been removed by appellee prior to the fire. Appellant also asserted that appellee's statements in the proof of loss forms contained gross overexaggerations as to the value of items destroyed by fire.

At the close of the evidence, appellee moved to strike all portions of appellant's answer relating to the defense that because appellee's misrepresentations and concealments in the proof of loss forms voided the policy, no coverage existed. Appellee asserted that, by mailing to him premium notices subsequent to the submission of his allegedly misrepresentative proof of loss statements, appellant had acted inconsistently with its "void" policy defense and had thereby waived it. Also, appellee contended that even after appellant had advised on June 17, 1980, that it would not pay the claim, appellant mailed him an "inconsistent" cancellation notice which, by its terms, still would have provided appellant continuous coverage if he had paid the premium. Thus, appellee asserted that, by requesting renewal premiums subsequent to appellee's alleged misrepresentations, appellant acted inconsistently with and thereby waived its defense that the policy was void as the result of those misrepresentations. (T-307-33, 342-343) The trial court directed a verdict against appellant and for appellee as to the "void" policy defense. Appellant asserts this ruling as error.

Provisions such as that involved in the instant case which declare the entire insurance policy void upon misrepresentation or concealment of any material fact, fraud, or false swearing by the insured have been held to be applicable to proofs of loss and other statements made under oath by the insured. "[Such a provision] would cover cases of fraudulent misrepresentation of material facts or circumstances, made by [the insured] to the company or its agents

that might affect the action of the insurer in respect to settling or adjusting the claim of the insured . . ." *Goldberg v. Provident Washington Ins. Co.,* 144 Ga. 783, 790 (87 SE 1077) (1942). See also *American Alliance Ins. Co. v. Pyle,* 62 Ga. App. 156 (4) (8 SE2d 154) (1940); Couch on Insurance 2d § 49A:60. The question for resolution is whether the trial court correctly held that, under the evidence in the instant case, appellant waived any right it might otherwise have had under the policy provision to declare the policy void.

Appellant claims that the "voiding" of the policy occurred upon the fraudulent misrepresentations by appellee in the statements contained in his proof of loss and subsequent amended proofs of loss. Appellant admits it received those statements which, prior to March 10, 1980, put it on notice of such misrepresentations. On April 8, 1980, appellant nevertheless mailed to appellee a premium notice. Further, when appellant submitted its written notification to appellee on June 17, 1980, it merely stated that it was denying the *claim* based upon the misrepresentations, and made no mention that it considered the *entire policy* void. Finally, even subsequent to this letter of June 17, appellant mailed to appellee a cancellation notice providing that if appellant received payment before or on the cancellation date, appellee's policy would be renewed and he would be afforded uninterrupted and continuous coverage. At no time did appellant indicate that it considered the entire policy void or forfeited, but instead gave every indication to appellee that the policy remained in full force and effect.

" 'A forfeiture occurs, if it results at all, immediately upon a breach of the condition of the contract on which it is based; and, forfeitures not being favored in law, a waiver of the forfeiture, once made, can not be recalled. The demand for payment in full of a future premium subsequently to the breach of a condition which would have entitled the insurer to insist upon a forfeiture of the contract will be held to be a waiver of the forfeiture, and be treated as an acknowledgement that the delinquent policy-holder is still entitled to the benefits conferred by his contract.' [Cit.]" *Farmers Mut. Co-op. Fire Ins. Co. v. Kilgore,* 39 Ga. App. 528 (2) (147 SE 725) (1929). Also see Couch on Insurance 2d, § 32:289. Appellant's actions in the instant case acted as a waiver of the defense that the entire policy was void as of the date of appellee's alleged misrepresentation and fraud. *Loeb v. Nationwide Mut. Fire Ins. Co.,* 162 Ga. App. 561 (292 SE2d 409) (1982). In *Loeb,* this court held that the insurer could not rely on the defense that the insured's fraud resulted in a void policy when the insurer retains premiums subsequent to the "cancellation" of the policy. The instant case is not unlike the situation in *Loeb* and the same result is mandated. As in *Loeb,* the

insurer took action inconsistent with its defense. Contrary to appellant's contentions, it is of no consequence in the instant case that the insured did not actually pay the renewal premiums, as a demand for payment in full for premiums due acted as a waiver. *Farmers Mut. Co-op. Fire Ins. Co. v. Kilgore,* supra, at 529.

Under the circumstances of this case, the trial court was correct in removing from the consideration of the jury appellant's defense based upon appellee's alleged misrepresentations. *Loeb v. Nationwide Mut. Fire Ins. Co.,* supra.

2. Appellant asserts that the trial court erred in its ruling as discussed in Division 1 because appellee denominated his motion as one to strike appellant's defense rather than as one for a directed verdict as to that defense. There is no magic in nomenclature, and the invocation of a ruling by the trial court will be construed to serve best the interests of the movant, because a motion should be analyzed by its function rather than by its label. See generally *Riviera Equip. v. Omega Equip. Corp.,* 147 Ga. App. 412 (249 SE2d 133) (1978); *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561, 562 (239 SE2d 217) (1977). The trial court did not err in granting appellee a directed verdict although he had moved to strike appellant's defenses.

3. In light of Division 1, it was not error for the trial court to refuse to charge the jury on appellant's defenses of misrepresentation and fraud, nor was it error to refuse to give to the jury a charge to the effect that the mailing of a premium notice by appellant would be immaterial and would not constitute a waiver of the defense. The trial court also did not err in admitting into evidence the notice of premium due and subsequent cancellation notices. Such evidence was material and relevant proof of the acts of appellant which were inconsistent with its defense.

4. Appellant finally asserts that the trial court erred in refusing to direct a verdict in its favor on its counterclaim for the balance due on the note secured by a loan deed on appellee's home, plus interest and attorney's fees. At a time subsequent to the fire when appellee was in default on his mortgage note, appellant, pursuant to a clause in the insurance policy, purchased the mortgage, paying the balance then due in the amount of $14,638.02. Notice as to attorney's fees pursuant to OCGA § 13-1-11(Code Ann. § 20-506) was then given to appellee.

The trial judge denied appellant's motion for a directed verdict on the counterclaim, but instead gave the following charge pertaining to a set-off against any recovery by appellee: "Members of the jury, if you find the [appellee] is entitled to recover against the [appellant], then the [appellee] would be entitled to recover whatever you find his

loss to be . . . less the sum of $14,638.02, which was the sum paid the [mortgagee] by the [appellant] company . . . [I]f you find the [appellee] is not entitled to recover then the evidence would demand the [appellant] would be entitled to recover on [its] counterclaim, . . . then the form of your verdict would be 'We the jury find in favor of the defendant in the amount of $14,638.02 plus interest to date,' . . . In addition to that, [appellant] would be entitled to recover attorney's fees . . ."

We find this to be a proper statement of law and a proper manner for the trial court to handle the issue of appellant's counterclaim. Under the policy, had appellant satisfied appellee's claim when it was presented, the mortgage note would have been paid off and the mortgage holder would not have been entitled to recover interest and attorney's fees from appellee on the note. If appellant's refusal to pay appellee's claim was wrongful, appellant should not be allowed to purchase the mortgage note pursuant to the insurance policy, and then, in the form of interest and attorney's fees, recover *more* than what would have been owed the mortgagee had appellant not wrongfully refused to pay appellee's claim. " 'It is a well-settled and universally recognized rule of law, that no man can profit by his own wrong; and that no man ought to be permitted to profit by a failure upon his own part to perform the obligations imposed upon him by the terms of an agreement to which he was himself a party, is a principle equally well founded both in law and morals.' " *Finney v. Blalock,* 206 Ga. 655, 659 (58 SE2d 429) (1950). The issues raised by the counterclaim were properly handled by the trial court.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 24, 1983 —
REHEARING DENIED JUNE 16, 1983 —

*A. Montague Miller, Thomas W. Tucker,* for appellant.
*James B. Wall, Maurice Steinberg,* for appellee.