Wilburt **SALES**, **Jr.**, **and Janice T.**
**Sales, Plaintiffs,**

v.

**STATE FARM FIRE AND CASUALTY**
**COMPANY, Defendant.**

**Civ. A. No. C 84-715 A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 28, 1986.

Richard W. Hendrix, Finch, McCranie, Brown & Thrash, Atlanta, Ga., for plaintiffs.

Clayton H. Farnham and H. Michael Bagley, Drew, Eckl & Farnham, Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

In this action on an insurance policy, the plaintiffs have moved to amend the pretrial order, to reconsider this court's order dated January 13, 1986, denying their motion in limine, and to compel.

■ The motion to amend the pretrial order was filed over a year after the close of discovery and after the initial pretrial order was submitted on November 20, 1984. Furthermore, this case has already been continued on the trial calendar twice. The court finds that the motion amend the pretrial order is untimely and is, therefore, DENIED.

■ The plaintiffs' motion to compel certain discovery was filed after the close of discovery. Consequently, the motion is DENIED.

■ In initially denying the plaintiffs' motion in limine, the court noted that it was without prejudice to the right of the plaintiffs to object to the introduction of the evidence at trial if a proper foundation is not laid. The fact that counsel's strategy with respect to his opening statement might change depending upon whether such evidence is ultimately admitted is an insufficient basis for this court to reconsider its earlier order. Furthermore, a ruling at this point with respect to the admissibility of the evidence would be of little aid to the plaintiffs' counsel in planning his strategy if circumstances at trial change so that evidence held inadmissible at this point became admissible during the trial because of actions taken at trial. This is because an order ruling on a motion in limine is basically an advisory opinion subject to change as events at trial unfold. *See Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492 (11th Cir.1985).

■ One issue raised in the plaintiffs' motion to reconsider merits discussion at this time, however. One of the defenses raised by the defendant in this case is that the plaintiffs' material misrepresentations voided the policy. The plaintiffs contend that since the defendant mailed a premium notice to them after the alleged misrepresentations had been made this defense has been waived, citing *State Farm Fire & Casualty Co. v. Jenkins,* 167 Ga.App. 4, 305 S.E.2d 801 (1983). *Jenkins* held that the demand for payment of a future premium subsequent to the breach of a condition which would have entitled the insuror to insist upon a forfeiture of the contract would be held to be a waiver of the forfeiture and that such waiver would occur even if the insured did not actually pay the renewal premium. The holding in *Jenkins* is in direct conflict with the holding of the Georgia Supreme Court in *Sullivan v. Connecticut Indemnity Association,* 101 Ga. 809, 810, 29 S.E. 41 (1897):

> If, in any event, the fact that such a demand was made could be treated as a waiver, this certainly ought not to be done when payment was refused. To

hold otherwise, it seems to us, would be going contrary to the plainest principles of right and justice. At most, it could only be fairly said that the association had *offered* to waive the conditions expressed in the policy, and that the insured had declined to accept the offer.

Under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court must apply the substantive law of the state of Georgia and in determining the law of the state must follow the decisions of Georgia's highest court. *Flintkote Co. v. Dravo Corp.,* 678 F.2d 942 (11th Cir.1982). Consequently, this court must follow *Sullivan,* not *Jenkins.*

In summary, the plaintiffs' motions to amend the pretrial order, for reconsideration, and to compel are DENIED.