**Diana L. MOORE, Personal Representative of the Estate of Jessie Dalton Moore, Deceased, Plaintiff,**

**v.**

**GENERAL MOTORS CORPORATION, DELCO REMY DIVISION, and Daniel Construction Company, International, Defendants.**

**No. IP 86–985–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 4, 1988.

Douglass R. Shortridge, Indianapolis, Ind., James R. Martin, Martin & Beck, Kokomo, Ind., Paul D. Edmiston, Frankfort, Ind., for plaintiff.

Donald L. Dawson, Kightlinger & Gray, Michelle A. Spahr, Norris Choplin & Johnson, Indianapolis, Ind., for defendants.

TINDER, District Judge.

### ENTRY

This cause comes before the court upon plaintiff's Motion in Limine. The court, having reviewed the memoranda submitted herein and being duly advised by the parties on oral argument, hereby DENIES plaintiff's Motion in Limine.

### Discussion

■ A ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion. An order on a motion in limine has been characterized as an "advisory opinion subject to change as events at trial unfold." *Sales v. State Farm Fire & Cas. Co.*, 632 F.Supp. 435, 436 (N.D.Ga.1986). Consequently, attorneys are advised that only a proper objection at trial will preserve error. In *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492 (11th Cir.1985), the court

cautioned against relying too heavily upon a motion in limine ruling:

> a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual—instead of hypothetical—circumstances at trial.

*Id.* at 1504 (citations omitted).

■ The issue to be decided in this Motion in Limine is whether the defendants are prohibited by the provisions of the Indiana Comparative Fault Act, Inc.Code §§ 34-4-33-1 to -14 (Act), from asserting the conduct of the decedent's employer or fellow employees to contest the elements of negligence advanced by the plaintiff in this case. Plaintiff maintains that the defendants are precluded from asserting nonparty conduct to refute the plaintiff's negligence claim, because the decedent's employer, Hinshaw Roofing and Sheet Metal, and the decedent's fellow employees are not nonparties under the Comparative Fault Act, and as such, cannot have any portion of fault attributed to them by the jury. The defendants concede that neither Hinshaw nor the decedent's fellow employees are nonparties under the Comparative Fault Act and that consequently a nonparty defense cannot properly be asserted naming them. However, defendants also maintain that they are entitled to introduce evidence of nonparty conduct to refute plaintiff's evidence with respect to the essential elements of her claim of negligence.

The issue as presented in this case is essentially one of statutory interpretation. While it is true that the adoption of comparative fault had a substantial impact on the law of negligence in Indiana, the court cannot accept the plaintiff's position that the passage of the Act had the practical effect of abrogating all pre-existing negligence law. It is well settled that in order to prevail upon an allegation of negligence, the plaintiff must establish "(1) the existence of a duty owing from defendant to the plaintiff, (2) the defendant's failure to conform its conduct to the requisite standard of care required by the relationship, and (3) injury to the plaintiff proximately resulting from such failure." *Howard v. H.J. Ricks Const. Co., Inc.,* 509 N.E.2d 201, 205 (Ind. App.1987) (citation omitted). The basic elements of a negligence cause of action were not altered by the advent of comparative fault, as is evidenced by two provisions of the Comparative Fault Act providing in relevant part:

> In an action brought under this chapter, legal requirements of causal relation apply to:
> (1) Fault as a basis for liability; and
> (2) Contributory fault.

Ind.Code § 34-4-33-1(b)(1) and (2).

> The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the defense. *However, nothing in this chapter relieves the claimant of the burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant.*

Ind.Code § 34-4-33-10(b) (emphasis added).

As Judge Miller noted in *Hill v. Metropolitan Trucking, Inc.,* 659 F.Supp. 430, 434 (N.D.Ind.1987), "[i]f the plain language of the statute is clear, courts are not to look beyond the statute's words to interpret the statute." In this instance, the Comparative Fault Act clearly establishes, in plain language, that the plaintiff is required to prove a prima facie case of negligence in order to recover from any defendant. It is axiomatic that the defendant or defendants may defeat plaintiff's claim by negating one of the necessary elements. Therefore, the defendants are entitled to introduce evidence to contest the elements of a negligence claim, even if that evidence is evidence of causation attributable to a party or parties which do not qualify as nonparties under the terms of the Act.

The adoption of comparative fault in Indiana altered the law of negligence with respect to contributory negligence, joint and several liability and the like. However, it did not change the requisite elements of a negligence action and it did not materially alter the law of causation. The

plaintiff still has the burden of proving the existence of a duty, breach of that duty by the defendant, which breach proximately caused injury to the plaintiff. Inherent in the proof of a negligence case by the plaintiff is the defendant's response refuting the essential elements of the claim. Although it is true that the defendants in this case cannot raise a nonparty defense naming Hinshaw and the decedent's fellow employees, the defendants can present evidence refuting the elements of negligence upon which the plaintiff bears the burden. The Comparative Fault Act does not relieve the plaintiff of her obligation to prove the elements of her negligence case. It also does not take away the defendants' right to introduce evidence to contest plaintiff's evidence on the requisite elements of her claim. The Act cannot properly be read to prohibit the defendants from presenting the evidence which the plaintiff seeks to exclude in this Motion; therefore, plaintiff's Motion in Limine is DENIED.

Defendants are cautioned, however, that in presenting evidence to refute the elements of plaintiff's negligence claim, they must be very careful to structure their arguments so as to avoid confusing the jury. It is wholly improper for the defendants to attempt to have the jury allocate responsibility for any negligence found against either General Motors or Daniel International to either Hinshaw or the decedent's fellow employees. The defendants' arguments cannot be used to indirectly accomplish an allocation of fault to unnamed defendants by the jury, a result inconsistent with the express provisions of the Indiana Comparative Fault Act.