77712. GEORGIA INSURANCE COMPANY v. WHITE et al.
77713. GEORGIA INSURANCE COMPANY v. POWELL et al.
(378 SE2d 523)

SOGNIER, Judge.

Georgia Insurance Company denied the claims of Juanita C. White and Patricia R. Powell and their employer, AAA Emergency Medical Service, Inc. (AAA), for workers' compensation benefits, claiming no coverage existed on the date of the accident. The State Board of Workers' Compensation (Board) and the Superior Court of Muscogee County affirmed the decision of an administrative law judge that coverage did exist on the date of the accident, and we granted Georgia Insurance Company's application to appeal.

The record reveals that AAA, located in Columbus, Georgia, purchased workers' compensation insurance through a Phoenix, Arizona insurance agency. The agency placed the insurance with Argonaut Insurance Company, whose branch doing business in Georgia is appellant. The insurance was financed through AFCO Credit Corporation, a premium finance company, and in its agreement with AFCO AAA granted AFCO power of attorney to cancel coverage in its behalf should AAA default in the payment of any installment to AFCO. AAA's installment payment to AFCO for December 1984 was returned for insufficient funds, and because AAA had failed to remit the payment by the due date, on January 3, 1985 AFCO exercised its power of attorney and requested that Argonaut cancel coverage and

sent a copy of that notice to AAA. The notice provided that the cancellation would be effective January 8, 1985 and stated that the account would not be reinstated "except under unusual circumstances." It is uncontroverted that AAA received this notice.

Relying on assurances received in a phone call to an unidentified person at the Phoenix agency that its coverage would be reinstated, AAA mailed a check to AFCO on January 17, 1985 for the unpaid balance on its installments. AFCO received this check on January 24, 1985 and on February 1, 1985 sent a form captioned "Notice of Insured's Request For Reinstatement" to Argonaut, and a copy to AAA. The form concluded with a paragraph headed "*READ THIS IMPORTANT MESSAGE.* TO THE INSURED: The policies listed above are cancelled and are not in force until the insurance company advises you to the contrary. If you are not advised promptly, contact your insurance agent. If your insurance coverage is not reinstated, all payments made following cancellation will be credited to your account. The fact that you continue to make payments to AFCO does not mean your insurance is in force. Only the insurance companies or your agent can advise you as to the status of your insurance coverage." (Emphasis in original.)

Argonaut did not agree to reinstate coverage. In compliance with AFCO's original request to cancel coverage Argonaut cancelled the insurance coverage and on February 4, 1985 filed a Form "B" card with the Board, pursuant to the applicable Board Rule then in effect. The cancellation became effective February 19, 1985. (Former Rule 126 (d) provided that "[t]he filing of a Report of Cancellation, Form "B" . . . , is evidence that coverage is terminated, effective not less than 15 days after filing, except" in certain circumstances not relevant here.) A cancellation audit was begun by Argonaut after the effective date of the cancellation. The audit was signed by AAA in April 1985, and was concluded in June 1985, at which time $332 was sent to AFCO as unearned premium. AFCO then sent this amount to the Phoenix agency for return to the employer, who received a credit to its account with the agency.

The accident in question occurred on April 1, 1985. The sole question for determination in this appeal is whether the superior court erred by affirming the Board's decision that coverage existed on that date. We note that this case is not one in which the facts are in dispute, in which case the "any evidence" rule would govern. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 411 (7) (224 SE2d 65) (1976). Rather, cognizant of the fact that the weight of the evidence is to be determined below, and every presumption in favor of the validity of the Board's determination is to be indulged, see id. at 410-411, if error of law is found in the decision of the Board and the superior court, that error may properly be corrected on appellate review. See

*Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (1) (313 SE2d 741) (1984).

We agree with appellant that the ALJ erred as a matter of law by basing his decision that coverage existed on the date of the accident on *Horace Mann Life Ins. Co. v. Lunsford*, 172 Ga. App. 866 (324 SE2d 808) (1984). Although in *Lunsford*, we held that coverage existed after cancellation because of the acceptance of premiums from the insured, that case is distinguishable from and inapposite to the case at bar for several reasons. First, in *Lunsford* the entity accepting the late premiums was the insurer. "An insurer which accepts past-due premiums or assessments in violation of its own regulations cannot invoke the same in order to avoid liability. [Cit.]" Id. at 869. In the instant case, the entity accepting the late premium was not the insurance company but the premium finance company. Second, the insurer in *Lunsford* *waived* any forfeiture by engaging in a pattern of accepting late premiums and by sending numerous contradictory and confusing notices and letters to the insured, some of which stated that the policy was in force, as well as by accepting the premium and issuing a receipt more than a month after it was informed the insured had died. "If an insurance company receives, accepts, and retains past-due premiums which are paid subsequent to the due date and expiration of the grace period, it renews the contract and waives the forfeiture for non-payments provided the acceptance is unconditional and the facts are known." Id. In the case sub judice, AFCO did not engage in a practice of accepting late premiums, but instead informed the insured unequivocally that its policy was cancelled, and gave explicit notice to the insured that although it was *requesting* reinstatement from the insurer on the insured's behalf, the policies would not be reinstated unless the insurer so informed the insured. Based on these notices, and unlike the insured in *Lunsford*, AAA was not misinformed or confused by conflicting information or a previous contrary pattern of behavior, and should have known that no coverage was in effect on the date of the accident.

Appellees cite language from *Perry & Co. v. New South Ins. Brokers*, 182 Ga. App. 84 (354 SE2d 852) (1987), as authority for the proposition that the actions of a premium finance company are imputable to the insurer to its detriment, regardless of the fact that the premium financing agreement permits the action taken by the premium finance company. Appellees' argument in this regard misses the mark. Rather than characterizing the premium finance company as the agent of the insurer, Georgia law has established that a premium finance company stands in the shoes of the insured when cancelling an insurance policy. See OCGA § 33-22-13 (c). In *Perry*, reinstatement of the policy despite cancellation by the premium finance company resulted because the premium finance company failed to return

unearned premiums according to law, and thus the case was governed by specific statutory language in OCGA §§ 33-24-44 (c) and 33-22-14 (a), which provided that "[o]nce a policy was cancelled, any payments accepted by [the premium finance company] became unearned premiums owed back to the insured. If not paid within 15 days, the cancellation was voided and [the insurer] was obligated by [the premium finance company]'s actions, of which it had no knowledge, to provide coverage." *Perry*, supra at 86 (2). As pointed out by this court in *Perry*, "[t]he statute[s have] been amended to preclude this result." Id. at 86 fn. 1. OCGA § 33-22-14 (c), as amended, in effect at the times applicable to this appeal, provides that "[f]ailure to refund any surplus or return any unearned premium . . . shall *not* invalidate a notice of cancellation given in accordance with this chapter." (Emphasis supplied.) Thus, in the case sub judice, even if AFCO had been late in forwarding the unearned premiums (which the record does not indicate), cancellation of coverage would not have been affected.

Accordingly, as we find that no coverage existed on the date of the accident, we reverse the judgment of the superior court affirming the award of the Board and the ALJ.

*Judgment reversed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 7, 1989.

---

*Savell & Williams, C. Wade McGuffey, Jr., Jennifer L. Houser,* for appellant.

*H. Michael Bagley, Robert B. Whatley, W. Alexander Byars,* for appellees.