Harold Wayne EVANS and Roberta W. Evans, Plaintiff–Appellants,

v.

SCHENK CATTLE CO., INC., a/k/a Schenk Farms, Charles W. Schenk Farms, Inc., Charles H. Schenk & Sons, Inc.; Charles W. Schenk; Scott Schenk, Defendant–Appellees.

No. 28A01–8908–CV–337.

Court of Appeals of Indiana, First District.

Aug. 21, 1990.

Eric A. Frey, Mark D. Hassler, Frey, Hunt, Hassler & Lorenz, Terre Haute, for plaintiff-appellants.

Joseph D. O'Connor, III, William H. Kelley, Bunger, Robertson, Kelley & Steger, Bloomington, for defendant-appellees.

BAKER, Judge.

Plaintiff-appellants, Harold Wayne Evans and Roberta Evans (the Evanses), appeal a jury verdict which found that defendant-appellees, Schenk Cattle Co., Inc., a/k/a Schenk Farms, Charles W. Schenk Farms, Inc., Charles H. Schenk & Sons, Inc.; Charles W. Schenk; and Scott Schenk (hereinafter collectively referred to as "the Schenks"), were not negligent as alleged in the Evanses' complaint for personal injury arising from an incident which occurred on the Schenks' farm. The Evanses maintain on appeal that the trial court erred in instructing the jury and in distributing an improper jury verdict form.

We affirm.

## FACTS

On July 17, 1985, Harold Evans was injured while he was working on the Schenks' farm. Evans was operating a bulldozer for his employer, Barney Robinson, when it became stuck in the mud. Scott Schenk attempted to help Evans remove the bulldozer from the mud with a tractor that he attached to the bulldozer with a hook and chain. As Schenk was driving the tractor backwards, the hook broke and struck Evans in the head, severely injuring him. Evans brought a complaint against the Schenks claiming they were negligent in their efforts to help Evans remove the bulldozer. Evans also filed complaints against several other defendants, including his employer, who were released from the case through either summary judgment or stipulations of dismissal. The trial, which involved only the Evanses

and the Schenks, resulted in the jury finding the Schenks not negligent in the incident.

The Evanses claim the trial court erred in giving or refusing to give certain instructions. When considering such issues, this court determines whether: 1) the instruction correctly states the law; 2) the evidence supports giving the instruction; and 3) the substance of the instruction was covered by other instructions given. *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind.App., 550 N.E.2d 778. An instruction that is given without support in the evidence is not grounds for reversal unless the complaining party establishes he was prejudiced thereby. *Spirito v. Temple Corp.* (1984), Ind.App., 466 N.E.2d 491, *trans. denied.*

*Final Instruction No. 2* [1]

The Evanses claim the trial court's instruction concerning the definition of fault was erroneous. The portion of the instruction relevant to the Evanses' claim of error provides:

Fault attributable to either party in this action includes any act or omission that is negligence toward the person or the property of the actor or others. Fault also includes incurred risk *and an unreasonable failure to avoid an injury or to mitigate damages.*

*Record* at 992 (emphasis added).[2] The Evanses object to the emphasized portion of the instruction and claim that the evidence does not support giving the instruction. Specifically, they claim that there is no evidence that Evans could have avoided the injury or mitigated the damages.

■ The record reveals that Evans's testimony supports giving the instruction with respect to the avoidance of injury. Evans testified that he had witnessed cables and chains break when they were used to tow other disabled bulldozers. To determine Evans's degree of fault in the incident, the jury was required to assess the reasonable-

1. The instruction as given by the trial court was not numbered. It was number 2 in the set of instructions proposed by the Schenks. For the sake of clarity we will follow the parties' lead and refer to the instruction as number 2.

2. This instruction tracks the relevant portion of the definition of fault contained in IND.CODE 34-4-33-2(a) which states that "[t]he term [fault] also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages."

ness of Evans's actions in attempting to remove the bulldozer knowing that chains broke when similar attempts were made on prior occasions. In essence, the instruction informed the jury that fault could be attributed to Evans if his actions were determined to be an unreasonable failure to avoid injury.

■ The trial court did err, however, in including in the definition of fault the failure to mitigate damages. The record is devoid of any evidence that Evans failed to mitigate damages. Nonetheless, the trial court's error in instructing the jury on the failure to mitigate damages is not grounds for reversal because the Evanses have not established how they were prejudiced. The jury found that the Schenks were not negligent. Accordingly, any fault that may have been attributed to Evans became irrelevant because no recovery would be forthcoming from the Schenks.

*Final Instruction No. 3[3].*

■ The Evanses assign error to the following instruction given by the court:

> You are instructed under the laws of the state of Indiana in determining whether an act or omission is or is not negligent, the question must depend upon whether or not an injury of some kind to some person could have been reasonably expected to result from such act or omission; reasonable care requires a person to anticipate and guard against what usually happens or is likely to happen and a failure to do this may be negligence; but reasonable care does not require him to foresee and guard against that which is not usual and not likely to occur and a failure to do this is not negligence.

*Record* at 997. The Evanses argue that Final Instruction No. 3 was given in error because there was no evidence to indicate Evans was required to anticipate that the chain would break. As with Final Instruction No. 2, there was evidence presented that Evans witnessed chains breaking on prior occasions. The instruction correctly informed the jury that the theory of negli-

gence includes an element of foreseeability. *Alfano v. Stutsman* (1984), Ind.App., 471 N.E.2d 1143. We can find no error in instructing the jury on this issue.

We note the Evanses' argument that the instruction was irrelevant because it was based on *Alfano, supra,* which involved a dog bite and not the removal of a bulldozer from mud. We find no merit in this argument because the case was cited for the general proposition of law regarding foreseeability. No attempt was made to analogize the particular facts in *Alfano* with the facts in the present case.

*Tendered Instruction No. 3*

■ The Evanses further contend the trial court erred in modifying their Tendered Instruction No. 3. The tendered instruction read as follows:

> I instruct you, members of the jury, that under the Indiana Comparative Fault Law, *you may not consider Harold Wayne Evans' employer, Barney Robinson, to be at fault in this case and, therefore,* you may not allow any deduction from plaintiffs' recovery for any conduct of Barney Robinson.

*Record* at 945. The court modified the instruction to delete the emphasized portion.

The Evanses argue that the instruction, as tendered, was a correct statement of the law and that the jury should have been advised that Evans's employer could not be considered at fault. We disagree.

Recently, the United States District Court for the Southern District of Indiana, decided a case that addressed the issue of whether the Indiana Comparative Fault Law precluded the defendant from introducing evidence of the conduct of the decedent's employer and fellow employees to contest the elements of negligence asserted in the plaintiff's case. *Moore v. General Motors Corp., Delco Remy Div.* (S.D.Ind. 1988), 684 F.Supp. 220. The plaintiff argued that the defendant was prohibited from using such evidence because the decedent's employer and fellow employees were not nonparties under the statute and, thus, no fault could be allocated to them by the jury. The district court disagreed stating:

**3.** Again, this instruction as given by the court was not numbered. It was tendered by the Schenks as number 3 which is how we will refer to it in this opinion.

[T]he defendants are entitled to introduce evidence to contest the elements of a negligence claim, even if that evidence is evidence of causation attributable to a party or parties which do not qualify as nonparties under the terms of the act.

*Id.* at 221.

If a defendant is permitted to present evidence of the conduct of those who are not nonparties under the statute, it necessarily follows that the jury may consider this evidence and draw its own conclusions. It would therefore be incorrect to instruct the jury that it cannot consider the employer to be at fault. The jury may consider the evidence presented and determine for itself whether the defendant has refuted the plaintiff's claim of negligence. Accordingly, the trial court properly modified the Evanses' Tendered Instruction No. 3 to remove the incorrect language concerning the consideration of Barney Robinson's fault.[4]

■ The trial court properly retained the remaining portion of the Evanses' Tendered Instruction No. 3 which advised the jury that it could not reduce the Evanses' recovery for any conduct of Barney Robinson. The reduction of an award based on the employer's conduct amounts to an allocation of fault to that employer. This is prohibited by Indiana's Comparative Fault Law because a claimant's employer cannot be considered a nonparty. IND.CODE 34–4-33–2(a); *Moore, supra*. IND.CODE 34–4-33–5(a)(1) allows for allocation of fault only to the claimant, the defendant, and any person who is a nonparty. *Bowles v. Tatom* (1989), Ind., 546 N.E.2d 1188. Because Evans's employer could not be considered a nonparty and was not a defendant at the trial, the jury was properly instructed that it could not reduce the Evanses' recovery based on his conduct.

*Tendered Instruction No. 9*

■ The Evanses claim the trial court erred in refusing to give the following tendered instruction:

I instruct you, members of the jury, that a defendant who is negligent and legally responsible for injury to another is liable for the normal risk [sic] which follow such an injury, including treatment or care rendered by a physician, paramedic, or other health care provider, which is itself negligent or without proper skill or care.

*Record* at 951. The Evanses argue that it was error to refuse this instruction because Barney Robinson testified that the paramedic who attended Evans bandaged his head too tightly which caused him to suffer seizures. This testimony, according to the Evanses, demonstrated that Evans's injuries were due in part to improper medical care rendered by the paramedic. Based on this proposition, the Evanses argue that the jury should have been advised that when allocating fault, it could not consider the actions of the paramedic as a nonparty.

Whether the care rendered by the paramedic was improper was not an issue properly before the jury. To establish the propriety of medical treatment, expert testimony must be presented to establish the degree of care expected of the medical care provider. *See Planned Parenthood of NW. Ind., Inc. v. Vines* (1989), Ind.App., 543 N.E.2d 654, *trans. denied*. The only testimony on this issue was presented by Evans's employer who was not a medical expert in treating head wounds. Accordingly, the evidence does not support giving this instruction and the trial court properly refused it.

*Tendered Instruction No. 11*

■ The Evanses' Tendered Instruction No. 11 was a jury verdict form which was refused by the trial court in favor of a verdict form that differed in one respect. The form tendered by the Evanses required the jury to first allocate fault. On the other hand, the form given by the trial court required the jury to first determine whether the Schenks were negligent before

---

4. For a case discussing a similar issue, *see Handrow v. Cox* (1990), Ind.App., 553 N.E.2d 852, where this court found that it was not error to refuse to instruct the jury that no fault could be allocated to the State due to the fact that the State could not be considered a nonparty because it was a statutorily immune entity.

allocating fault. The verdict form given by the court instructed the jury that if it found the Schenks were not negligent, it was to stop at that stage and not proceed to any allocation of fault. The Evanses argue that the court's verdict form amounted to an instruction that recognized the possibility that the incident was a "mere accident" which is impermissible under Indiana law.

The instruction serves to aid the jury by requiring it to determine only the issues necessary to a disposition of the case. If the jury finds no fault on the defendant's part, there is no need to address allocation of fault. On the other hand, if the jury was required to first allocate fault, it would be required to engage in a meaningless exercise of first allocating 0% fault to the defendant and then finding the defendant not negligent. Such time wasting efforts are not to be required of juries. Contrary to the Evanses' assertion, the instruction does not amount to an advisement on the theory of "mere accident." Rather, it allows the jury an efficient and expedited means to render a favorable verdict for the defendant when it finds no negligence on the defendant's part. The jury verdict form was properly utilized in this comparative fault case.

The Schenks point out to us that the Indiana Pattern Jury Instructions prepared by the Indiana Judges Association contain a jury verdict form which provides for the defendant's negligence to be determined prior to any allocation of fault. INDIANA JUDGES ASSOCIATION, INDIANA PATTERN JURY INSTRUCTIONS—Civil Instruction No. 5.11 (2d ed. 1989). While we recognize that the instructions were not published until after the present case was tried, we approve of the form contained in the pattern instructions for the same reasons discussed above.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.