## A98A1987. ORIENTAL FARMERS FOOD CORPORATION
## v. AGENCY SERVICES, INC.
### (514 SE2d 80)

McMURRAY, Presiding Judge.

Plaintiff Oriental Farmers Food Corporation entered into a premium finance agreement with defendant Agency Services, Inc. for the purpose of financing premiums for an insurance policy which included workers' compensation coverage for a one-year period beginning December 1, 1995. The premium finance agreement provided for a down payment and nine monthly installment payments beginning December 15, 1995 and ending August 15, 1996. Plaintiff made timely payments through June 1996, but was late paying the last two installments. Acting under authority of a power of attorney contained in the premium finance agreement which allowed defendant to cancel the insurance upon nonpayment of the installment payments, defendant gave notice to the insurer of cancellation of the workers' compensation coverage. The workers' compensation coverage was canceled on August 7, 1996. After plaintiff brought its account to a current status, defendant's request that the cancellation be rescinded was rejected by the workers' compensation insurer.

On September 18, 1996, plaintiff's employee partially severed three fingers while operating a meat slicer. Plaintiff's request for workers' compensation coverage was denied on the grounds of the cancellation of the insurance coverage.

Subsequently, plaintiff filed this action alleging various breaches of the premium finance agreement and interference with plaintiff's contract with the workers' compensation insurer in that defendant wrongfully canceled that contract.

The case was submitted to the superior court on opposing motions for summary judgment. Plaintiff appeals from the grant of summary judgment in favor of defendant and from the denial of its motion for summary judgment. *Held:*

1. We affirm. An insurance premium finance company's exercise of a retained power of attorney to cancel a policy in the event of default requires a ten-day notice of intent to cancel, during which the insured may correct the default. If the default is not corrected within the ten-day notice period, the premium finance company may then give notice of cancellation. In order to constitute an effective cancellation, the notice of cancellation must be mailed by at least first class mail to the last address of record of the insured and the premium finance company must receive such receipt or other evidence of mailing as prescribed or accepted by the United States Postal Service. OCGA § 33-22-13. The Supreme Court provided in *Moore v. Scottsdale Ins. Co.*, 264 Ga. 808, 809 (450 SE2d 198), that a receipt must bear the address of the insured in order to constitute a form of proof

of mailing within the meaning of OCGA § 33-22-13 (c), regardless of whether it is acceptable to the United State Postal Service.

In the case sub judice, plaintiff made all scheduled payments until a payment due July 15, 1996, was not paid as scheduled. Defendant, via the affidavit of its president, provides evidence that, on July 23, 1996, a notice of intent to cancel the insurance on August 5, 1996, was sent to plaintiff. No payment was received from plaintiff, and on August 6, 1996, defendant mailed a notice of cancellation to plaintiff. The cancellation date was August 7, 1996. As proof of the mailing of the notice of cancellation, the affidavit of defendant's president referenced and attached a copy of a bulk mailing document bearing official stamps of the post office and showing the mailing to plaintiff on August 6, 1996, along with plaintiff's address.

Plaintiff maintains that the bulk mailing document attached to the affidavit of defendant's president did not provide the proof of mailing required by OCGA § 33-22-13 (c) in that it was not properly authenticated and was hearsay. See OCGA § 9-11-56 (e). Plaintiff argues that defendant was required to produce a certification or affidavit from a postal employee verifying the accuracy of the receipt. However, there is nothing in OCGA § 33-22-13 (c) requiring proof of the accuracy of the receipt, and defendant has complied with that provision by providing the receipt which it did obtain in connection with the mailing. In other words, no hearsay was involved in the matter to be proven by defendant, that the bulk mailing document was the receipt received from the post office in connection with the mailing to plaintiff. The required evidence was provided by the statements in the affidavit of defendant's president which also authenticated the bulk mailing document so as to permit its consideration by the superior court.

2. Thereafter, on August 14, 1996, defendant received plaintiff's tardy July installment which was applied to plaintiff's account and mailed to the insurer the reinstatement request which was denied. The installment payment scheduled for August 15, 1996, was not paid at that time and, on August 21, 1996, a second notice of intent to cancel on September 3, 1996, was sent to plaintiff. Plaintiff then paid the final installment payment on August 27, 1996, that is, within the ten-day period following the second notice of intent to cancel.

Plaintiff maintains that defendant waived its right to insist on a forfeiture of the policy, by sending a subsequent notice of intent to cancel and demanding further payment of premiums after the policy was canceled. This contention is supported by citation to *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4 (305 SE2d 801), a case in which continued premium payments following cancellation were induced by representations that the payments would cause the policy to remain in effect. Id. at 6 (1). However, following the cancellation of

insurance coverage in the case sub judice, the correspondence from defendant to plaintiff contained clear statements that any subsequent payments by plaintiff or actions seeking reinstatement of the policy on its behalf by defendant would not guarantee that the policy would either remain in force or be reinstated. Defendant attributes the second notice of intent to cancel to uncertainty concerning whether the request for reinstatement of the policy would be granted by the insurer. Defendant made no representation to plaintiff following the cancellation of the policy which would cause a reasonable person to believe that the policy was still viable, thereby constituting a waiver. See *Ga. Ins. Co. v. White*, 190 Ga. App. 208 (378 SE2d 523).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 17, 1999.

*Evans & Bell, Mark G. Evans, Jay B. Bell*, for appellant.

*Dermer, Brown, Rogers & O'Neill, Stephen F. Dermer*, for appellee.