## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Dec 14 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John P. Young
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Michael P. Pritchett
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Mandy Jo Stivers,

*Appellant-Plaintiff,*

v.

Cecilia M. Lesch,

*Appellee-Defendant*

December 14, 2018

Court of Appeals Case No.
18A-CT-768

Appeal from the Marion Superior
Court

The Honorable Cynthia J. Ayers,
Judge

Trial Court Cause No.
49D04-1609-CT-32923

**Altice, Judge.**

### Case Summary

[1]     Mandy Jo Stivers appeals from a jury verdict in favor of Cecilia M. Lesch

following an automobile accident in which Stivers was injured.  On appeal,

Stivers argues that the trial court abused its discretion in providing the jury with

Indiana Model Civil Jury Instruction (IMCJI) Verdict Form 5001(A) (Verdict Form 5001(A)).

[2] We affirm.

**Facts & Procedural History**

[3] Around 9:45 in the morning of August 22, 2016, Stivers was driving east on West 16th Street approaching North Senate Boulevard in Marion County. At the same time, Lesch was southbound on Senate Boulevard, approaching the same intersection. The two vehicles collided in the middle of the intersection. Stivers was injured as a result of the accident.

[4] On September 15, 2016, Stivers filed a complaint for damages against Lesch, claiming that Lesch negligently operated her vehicle when she disregarded a red light for her lane of traffic and thereby caused the accident. A jury trial was held on March 13-14, 2018.

[5] During the trial, Christopher Deyon, a patrol officer with the Indianapolis Metropolitan Police Department, testified that he responded to the scene of the accident and spoke with both Stivers and Lesch. In his accident report, Officer Deyon noted that Lesch told him that she was "unsure if she had a red or green light but stated the last time she remembered is looking at the light and it was green" and that Stivers told him that she "had a green light" when she entered the intersection and that Lesch had "disregarded [a] red light. *Transcript Vol. II* at 8, 9.

[6]     Joann Morris was in the car behind Stivers as they approached the intersection, and she witnessed the accident. Morris testified that Stivers had a green light as she entered the intersection and that Lesch, who was approaching from the left, had a red light but did not stop. Morris further testified that she spoke with Lesch as Lesch exited her car after the accident and that Lesch was unsure as to the color of the traffic light for her traffic lane when she entered the intersection.

[7]     At trial, Lesch testified that she had a green light when she entered the intersection and that she looked down only after she entered the intersection. When she was about two-thirds through the intersection, Lesch saw in her peripheral vision a blur of something to her right just before Stivers's car hit her car on the passenger side.

[8]     With regard to final instructions, Stivers submitted IMCJI Verdict Form 5001(B), comparative fault-verdict for the defendant, and IMCJI Verdict Form 5001(C), comparative fault-verdict for the plaintiff. In addition to those verdict forms, Lesch submitted Verdict Form 5001(A), comparative fault-verdict for the defendant. The difference between Verdict Forms 5001(A) and (B) is that Verdict Form (A) does not require the jury to apportion fault between Stivers and Lesch. For this reason, Stivers objected to Verdict Form 5001(A) being submitted to the jury. Stivers also objected to the court reading the second paragraph of IMCJI 941 to the jury because such explained when to use Verdict Form 5001(A).

[9] At the conclusion of the evidence, the trial court gave the jury its final instructions and included, over Stivers's objection, Verdict Form 5001(A), in addition to Verdict Forms 5001(B) and (C), and IMCJI 941 in its entirety. The jury returned a verdict using Verdict Form 5001(A). Stivers now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[10] In reviewing a trial court's decision to give or to refuse a tendered instruction, this Court considers whether the instruction correctly states the law, is supported by the evidence in the record, and is covered in substance by other instructions. *Wal-Mart Stores, Inc. v. Wright*, 774 N.E.2d 891, 893 (Ind. 2002). The trial court has discretion in instructing the jury and thus, we will reverse on the last two issues only when the instructions amount to an abuse of discretion. *Id*. However, when an instruction is challenged as being an incorrect statement of the law, appellate review of the ruling is de novo. *Id*. at 893-94.

[11] Stivers objected to the use of Verdict Form 5001(A) on grounds that it did not comply with the dictates of Ind. Code § 34-51-2-7(b)(1) that the jury "shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty." As noted above, Verdict Form 5001(A) does not require the jury to apportion fault. Rather, Verdict Form 5001(A) simply provides:

> We, the jury, decide that the Defendant, Cecilia Lesch, was not at fault, and therefore decide in favor of the Defendant, Cecilia Lesch, and against the Plaintiff, Mandy Stivers.

*Appellant's Appendix* at 15.[1]  Stivers argues that Verdict Form 5001(A) allowed the jury to render a "pure accident" verdict and prevented her from detecting or proving that an error occurred because it does not evidence the jury's apportionment of fault.  *Appellant's Brief* at 18.

[12]  We begin by noting that fault for the accident was a key issue the jury was to decide.  In instructing the jury, the trial court followed preferred practice by giving the pattern jury instructions and verdict forms related to that issue— Verdict Forms 5001(A), (B), and (C) and IMCJI 941.  *See Lacy v. State*, 58 N.E.3d 944, 947 (Ind. Ct. App. 2016); *Gravens v. State*, 836 N.E.2d 490, 493 (Ind. Ct. App. 2005) (citing *Cochrane v. Lovett*, 166 Ind.App. 684, 337 N.E.2d 565, 570 n.6 (1975) (noting that the Indiana Pattern Jury Instructions have the "apparent approval of the Indiana Supreme Court as evidenced by the preferred treatment given such instructions in [Indiana Rule of Trial Procedure 51(E)]")), *trans. denied*.

---

[1] Verdict Form 5001(B) provides:

We, the jury, assign the following percentages of fault:

| | |
|---|---|
| Plaintff, Mandy Stivers | _____% |
| Defendant, Cecilia Lesch | _____% |
| TOTAL | 100% |

(The fault percentages listed in the blanks must total 100%).

Because Plaintiff's fault is greater than 50%, we therefore decide in favor of the Defendant, Cecilia Lesch, and against the Plaintiff, Mandy Stivers.

*Id.* at 16.

[13]     Further, in previous cases, this court has rejected arguments similar to those Stivers now asserts in challenging the use of Verdict Form 5001(A). Stivers makes no argument as to why we should ignore established precedent, but rather, "respectfully disagrees" with their holdings. *Appellant's Brief* at 14.

[14]     In *Koziol v. Vojvoda*, 662 N.E.2d 985 (Ind. Ct. App. 1996), Koziol was a passenger in a vehicle that stalled in the roadway and was struck from behind by another vehicle. Koziol sued Vojvoda, the driver of the car he was in, as well as the driver of the other car, claiming they were both negligent. Because the defense of contributory negligence was raised by one of the defendants, the trial court, over Koziol's objection, instructed the jury on the role of contributory fault in a comparative fault scheme and that the burden of proving contributory fault was on the defendant. Koziol also objected to the verdict forms submitted to the jury that allowed the jury to attribute fault to him. The jury ultimately signed the verdict form that required the jury to first determine fault on the part of Vojvoda and if it found no negligence, it was to stop at that stage and not proceed to allocation of fault. Koziol challenged the instructions and verdict form on appeal. This court held that "[i]n cases where the jury finds that the defendant is not negligent in the first instance, there is no need for the jury to allocate fault between the parties. Such an exercise would be meaningless." *Id*. at 992. The court also found the verdict form was proper.

[15]     The facts in *Utley v. Healy*, 663 N.E.2d 229 (Ind. Ct. App. 1996), *trans. denied*, closely parallel those in this case. There, the plaintiffs and defendant were involved in a car accident at an intersection where the defendant's lane of travel

was controlled by a stop sign. The plaintiffs were midway into the intersection when the defendant's car entered the intersection and the collision occurred. The defendant named the city as a nonparty, claiming that the city had negligently allowed the stop sign to become obstructed by a tree. At trial, the jury was instructed if it found the defendant was not at fault or that the plaintiffs had failed to meet their burden of proof, the verdict should be for the defendant. In such case, the jury was instructed that of the three verdict forms provided, the jury was to use verdict form C, which simply stated "We, the Jury, find for the defendant." *Id*. at 233.

[16] On appeal, the plaintiffs argued that verdict form C violated the then current Ind. Code § 34-4-33-5, which provided that the trial court "shall furnish to the jury forms that require the disclosure of . . . the percentage of fault charged against each party." The plaintiffs claimed that the court's instructions and verdict form C violated the statute because the jury was not required to allocate percentages of fault. The plaintiffs further asserted that "giving the instruction was equivalent to authorizing the jury to treat the collision as a 'mere accident,' which is impermissible." *Utley*, 663 N.E.2d at 234.

[17] We found the rationale of an earlier decision, *Evans v. Schenk Cattle Co., Inc.*, 558 N.E.2d 892 (Ind. Ct. App. 1990), persuasive and applicable. In *Evans*, the court provided the jury with a verdict form that instructed the jury to first determine whether the defendants were negligent before allocating fault. The verdict form also instructed the jury that if it found the defendants were not negligent, it was

to stop at that stage and not to proceed to any allocation of fault. The *Evans* court explained:

> If the jury finds no fault on the defendant's part, there is no need to address allocation of fault. On the other hand, if the jury was required to first allocate fault, it would be required to engage in a meaningless exercise of first allocating 0% fault to the defendant and then finding the defendant not negligent. Such time wasting efforts are not to be required of juries. Contrary to the [appellant's] assertion, the instruction does not amount to an advisement on the theory of 'mere accident.' Rather, it allows the jury an efficient and expedited means to render a favorable verdict for the defendant when it finds no negligence on the defendant's part.

*Utley*, 663 N.E.2d at 234 (quoting *Evans*, 558 N.E.2d at 896). The *Utley* court likewise determined that "[o]nce the jury concluded that [the defendant] was not negligent, there was no reasonable purpose for the jury to engage in a further allocation of fault." *Id*. We therefore held that the instruction and verdict form were not improper.

[18] Here, as in the prior cases, fault for the accident was an issue to be decided by the jury. As the above cases illustrate, it is proper for the trial court to instruct the jury to assess the defendant's negligence first and, if the jury determines that the defendant was not negligent, the jury need go no further and allocate fault. The trial court so instructed the jury with IMCJI 941 and Verdict Form 5001(A).

[19] We further note that in addition to Verdict Form 5001(A) and the instruction explaining under what circumstances it was to be used, the jury was provided with other instructions covering issues of comparative fault, including the definitions of negligence and fault and that Lesch carried the burden of proof with respect to her affirmative defense. The jury was also provided with Verdict Forms 5001(B) and (C), both of which required the jury to apportion fault between the parties. It is clear that after deliberations, the jury determined either that Lesch met her burden of proof or that Stivers did not prove her claim, and therefore, the jury signed Verdict Form 5001(A) as instructed. Having so concluded, there was no need for the jury to allocate fault.

[20] We see no reason to part from existing precedent. Verdict Form 5001(A) is not contrary to law and it does not, as Stivers claims, invite the jury to render a "pure accident" verdict. Accordingly, the trial court did not err in instructing the jury or in using Verdict Form 5001(A).

[21] Judgment affirmed.

Brown, J. and Tavitas, J., concur.